Kevin D. Neal (Bar No. 011640)
Kimberly G. Allen (Bar No. 029783)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.neal@gknet.com
kim.allen@gknet.com
Attorneys for Defendant Allegiant Air, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Dallas Lazzerini and David Lazzerini, | No. CV12-1738-PHX-SPL |
|---|---|
| Plaintiffs, | **MOTION TO COMPEL OR IN THE ALTERNATIVE MOTION TO STRIKE** |
| v. | |
| Allegiant Air, LLC, | |
| Defendant. | |

Defendant Allegiant Air, LLC ("Allegiant") urges this Court to compel the deposition testimony of Dr. Todd Doerr, Plaintiff's medical expert specifically retained to provide expert testimony and whose identity and report were disclosed on the eve of the expert discovery deadline. Fed. R. Civ. P. 26(b)(4)(A) and the interest of fairness not only urges, but requires such a deposition to take place after the disclosure of the expert's report.

Pursuant to Rule 37(a)(1), Fed. R. Civ. P., Allegiant hereby moves this Court for an order compelling Plaintiff to comply with its discovery obligations under Rule 26(b)(4)(A), Fed. R. Civ. P. In the alternative, Allegiant requests this Court strike Plaintiff's expert and his related report. This motion is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, and the separately filed certification.

4303504v1/24464-0002

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. RULE 26(b)(4)(A) COMPELS THE DEPOSITION OF DR. DOERR**

Federal Rule of Civil Procedure 26(b)(4)(A) states:

> "a party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, **the deposition may be conducted *only* after the report is provided.**"

Dr. Doerr, Plaintiff's orthopedic expert, was disclosed in Plaintiff's 4th Supplemental Disclosure Statement, filed at 11:58pm on May 19, 2014.[1] Expert discovery closed on May 19, 2014. Allegiant received Plaintiff's Supplemental Disclosure on May 20, 2014.

On May 22, Allegiant requested dates from Plaintiff's counsel to depose Dr. Doerr in June.[2] On May 29, Plaintiff's assistant responded that she was waiting on a return phone call from Dr. Doerr's office regarding available dates.[3] On June 3, Plaintiff's counsel's assistant provided four dates and stated "Tom (plaintiff's counsel) is available on all of the above dates, let me know which one works best for your attorney."[4] July 10, 2014 was selected.

Between June 18 and June 23, emails were exchanged between Allegiant counsel's assistant and Plaintiff counsel's assistant, discussing the Notice and location of Dr. Doerr's deposition.[5] The Notice of Deposition was filed on June 30, 2014.[6]

Plaintiff's counsel associated with the law firm of Slack and Davis in June. On July 1, Mark Pierce, admitted *pro hac vice*, called counsel for Allegiant requesting background on the case and discussed the deposition of Dr. Doerr. Following the call Allegiant's counsel sent an email confirming the conversation and attaching the email

---

[1] *See* Plaintiff's 4th Supplemental Disclosure, attached hereto as Exhibit A.
[2] *See* Email, dated May 22, 2014, attached hereto as Exhibit B.
[3] *See* Email, dated May 29, 2014, attached hereto as Exhibit C.
[4] *See* Email, dated June 3, 2014, attached hereto as Exhibit D.
[5] *See* Emails, attached hereto as Exhibit E.
[6] *See* Notice (Doc.91), attached hereto as Exhibit F.

4303564v1/24464-0002

2

exchange regarding Plaintiff's counsel's assent to Dr. Doerr's deposition.[7]

On July 2, Mr. Pierce, in what can only be characterized as an attempt to strong-arm Allegiant into re-opening the discovery period, sent an email stating that Plaintiff would oppose Dr. Doerr's deposition ***unless*** Allegiant agreed to produce, by the end of the month, an individual who could testify to 20 unquestionably irrelevant, unrelated, and obscure topics.[8]

In an attempt to resolve the dispute, pursuant to Fed. R. Civ. P. 37(a)(1), Allegiant's counsel had a phone call with Mr. Pierce on July 3, citing Fed. R. Civ. P. 2(b)(4)(A) and requested he withdraw his opposition to Dr. Doerr's deposition. His failure to move forward with Dr. Doerr's deposition as previously assented to and as required by the Federal Rules would result in the filing of a Motion to Compel Dr. Doerr's deposition and a request for fees and costs awarded to Allegiant in having to file such a Motion. Mr. Pierce confirmed Plaintiff would continue to oppose Dr. Doerr's deposition.[9]

## II. PLAITNIFF'S OPPOSITION TO DR. DOERR'S DEPOSITION IS WITHOUT MERIT

Plaintiff contends Allegiant is "not allowed" to depose Dr. Doerr because his deposition comes after the close of discovery. Putting aside the clear-cut agreement between Plaintiff's previous counsel and Allegiant, the Rules not only allow, but require such a deposition to take place ***only after*** production of the expert's report.[10] Plaintiff's attempt to coerce Allegiant into agreeing to re-open the discovery period for a deposition that Allegiant is only allowed to take, as contemplated by the Rules, following disclosure of the expert's report, is another example of the game Plaintiff continues to play.

In spite of Plaintiff's previous assertion that "litigation *is not* a game" quoting Honorable Chief Justice Roslyn O. Silver, Plaintiff continues to engage in dilatory

---

[7] *See* Email, dated July 1, 2014, attached hereto as Exhibit G.
[8] *See* Email from Mark Pierce, dated July 2, 2014, attached hereto as Exhibit H.
[9] *See* Email to Mark Pierce, dated July 3, 2014, attached hereto as Exhibit I.
[10] Fed. R. Civ. P. 26(b)(4)(A).

4303504v1/24464-0002

conduct that undoubtedly has crippled his case and now expects Allegiant, upon the threat of motions and sanctions, to authorize such delay tactics. Allegiant has played nice for too long and will no longer entertain Plaintiff's threats.

Allegiant's request to depose Dr. Doerr came one day after receipt of Dr. Doerr's report. It is of no fault of Allegiant that Dr. Doerr's report was disclosed on the eve of the close of discovery. It is of no fault of Allegiant that Plaintiff's counsel did not contemplate additional discovery depositions until well after the close of discovery, and it is certainly of no fault of Allegiant that Plaintiff's previous counsel chose to associate with new counsel after discovery had been closed for months.

### III. CONCLUSION

Rule 26(b)(4)(A) is clear, "If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted *only* after the report is provided." Dr. Doerr is an expert specifically retained to provide an opinion, per Rule 26(a)(2)(B), Dr. Doerr was required to produce a report. Thus, Allegiant is not only allowed, but required to depose Dr. Doerr following disclosure of his report. Plaintiff's coercive game is inappropriate, unjust, and above all prohibited. As Allegiant is allowed and required to take Dr. Doerr's deposition, Allegiant respectfully requests this Court compel Dr. Doerr's deposition to take place on July 10 as previously noticed or within 30 days from the date of the Order. Allegiant further requests sanctions be imposed in the form of awarding Allegiant its costs and fees in having to file this Motion to Compel. In the alternative, Allegiant request this Court strike Plaintiff's expert Dr. Doerr and his related report.

DATED this 3rd day of July, 2014.

                          GALLAGHER & KENNEDY, P.A.


                          By: */s/ Kimberly G. Allen*
                               Kevin D. Neal
                               Kimberly G. Allen
                               2575 East Camelback Road
                               Phoenix, Arizona 85016-9225
                               Attorneys for Defendant Allegiant Air, LLC

4303504v1/24464-0002

| | |
|---|---|
| 1 | Copy mailed this same day to: |
| 2 | |
| 3 | Thomas A. Burnett<br>Burnett Law Office, PLC<br>1744 South Val Vista Drive, Suite 208 |
| 4 | Mesa, AZ  85204<br>*Attorney for Plaintiff John Desch* |
| 5 | |
| 6 | _____ |

4303504v1/24464-0002

6