Kevin D. Neal (Bar No. 011640)
Kimberly G. Allen (Bar No. 029783)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.neal@gknet.com
kim.allen@gknet.com

Attorneys for Defendant Allegiant Air, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dallas Lazzerini and David Lazzerini,<br><br>Plaintiffs,<br><br>v.<br><br>Allegiant Air, LLC,<br><br>Defendant. | No. CV-12-1738-PHX-MHB<br><br>**MOTION FOR RECONSIDERATION** |

Local Rule 7.2(g) governs motions for reconsideration and provides that a motion for reconsideration may raise "matters the movant believes were overlooked or misapprehended by the Court." *See Crago v. Schriro,* No. CV 06–0443–PHX–EHC (JRI), 2009 WL 230119, at *3-*4 (D. Ariz. Jan. 30, 2009). Defendant Allegiant Airlines respectfully requests that the Court reconsider its minute entry ruling on Allegiant's Motion for Summary Judgment because the ruling indicates that the Court did not consider:

- Uncontested evidence that the slide Plaintiff exited from deployed properly and without incident;
- Uncontested evidence that the cabin pre-flight was performed and indicated all slides would deploy properly;

- Evidence that seats in an airplane are fixed and immovable and therefore cannot block a door to an exit, pursuant to requirements promulgated by the Federal Aviation Administration; and
- Uncontested evidence that all engine maintenance checks were performed and did not show any discrepancies with the engine or CSD.

The Court did considered conclusory statements by Plaintiff's expert, Leonard Swope, without any evidence to support his statements. Plaintiff alleges he injured himself at the foot of the slide, after he exited the plane. Plaintiff admitted the emergency landing was made safely and without incident. Plaintiff admitted the slide he was required to exit from, and did exit from, deployed properly and without incident. Plaintiff admitted his elderly parents and wife exited the plane without incident.

## I. THE COURT FAILED TO CONSIDER UNCONTESTED EVIDENCE REGARDING THE EMERGENCY EXIT SLIDES.

The Order states "[i]t is uncontested that on the date of the incident the emergency slides failed to auto-deploy and the flight attendants manually inflated them." This statement is inaccurate. It is uncontested that Plaintiff was seated in Row 16, with the closet exit to him being the R1 (right front) exit. It is uncontested the R1 slide deployed properly, *without* incident and *without* manual inflation. *See* Deposition of Plaintiff, Exhibit C to Allegiant's SOF, p. 29-30, ln. 25-5; p. 29, ln. 9-16; p. 17-20, ln. 22-2.; *see also* photograph of deployed slide, Exhibit G to Allegiant's SOF. Thus, the slide Plaintiff was required to exit from and did exit from functioned properly and without incident.

It is also uncontested by Plaintiff's expert Leonard Swope that Allegiant performed a slide check on the aircraft which revealed no issues with the emergency slides, and that Allegiant's flight crew performed a pre-flight check as required by the FAA, which indicated all slides were capable of being deployed. *See* Deposition of Leonard Swope, Exhibit D to Allegiant's SOF, p. 94, ln. 9-14; p. 100, ln. 20-21. Furthermore, Arlene

Parker, a flight attendant, not a passenger, as identified by this Court's Order, testified under oath that the emergency exits were in working order. *See* Deposition of Arlene Parker, Exhibit E to Allegiant's SOF, p. 14, ln. 14-25; p. 15, ln. 1-8.

In spite of this uncontroverted evidence, the Court appears to have relied on Plaintiff's Response, not the uncontroverted evidence in Allegiant's Motion and subsequent Reply, to conclude "there is a sufficient issue of material facts for a fact finder to reasonably conclude the service check was inadequate and the slides and exits were negligently maintained." The Court comes to this conclusion based solely on Plaintiff expert's testimony that "Defendant would have discovered the slide problem if they properly adhered to the Service Checklist and properly installed, maintained and inspected the emergency slides." *See* Order at p. 7. Contrary to this Court's statement, and as referenced above, Mr. Swope testified that a service check was performed and no discrepancies and/or issues were noted. Neither Plaintiff nor his expert provided any evidence to suggest that the service check was improperly performed. Additionally, no evidence was presented by Plaintiff that the slides were not properly installed or inspected. In fact, Plaintiff's expert acknowledged that the history of the slides showed <u>zero</u> evidence of any maintenance issues or discrepancies with the slides prior to the flight in question. *See* Deposition of Leonard Swope, Exhibit D to Allegiant's SOF, p.33, ln. 2-5.

As set forth in the briefing, and relied on by this Court, Plaintiff is required to present a prima facie case of negligence by showing a legal duty, breach of that duty, and actual injury proximately caused by that breach. *Flowers v. K-Mart Corp*, 616 P.2d 955, 957 (Ariz. App. 1980). While the question of breach is often for a jury to decide, a court may decide the issue if reasonable persons could come to no other conclusions. *Id.* at 967.

Here, Plaintiff did not controvert any of the facts. *See* Plaintiff's SOF.[1] The record establishes that pre-flight checks and service checks were performed and did not reveal any issues with the slides prior to take-off. Plaintiff and his expert acknowledged that the slide Plaintiff was required to exit from and did exit from deployed properly and without incident. Furthermore, Plaintiff did not present evidence of any facts that would tend to show that the slide Plaintiff was required to evacuate from failed to work in some way that caused the injury he allegedly suffered *after* exiting the plane via the slide. Based upon the uncontroverted facts, a reasonable person would be unable to conclude that the slides were negligently maintained, and in particular the slide that Plaintiff exited from.

## II. THE COURT FAILED TO CONSIDER UNCONTESTED EVIDENCE REGARDING SERVICE CHECKS AND PRE-FLIGHT CHECKS.

This Court relies on Plaintiff's expert's conclusory statement that the pre-flight and service checks were improperly performed because a passenger, whom the expert did not speak with, made a statement that a seat blocked an emergency exit. To be clear, pre-flight and service checks are performed *before* the plane leaves the ground. In his Response Plaintiff did not present any evidence that a seat was "blocking" an emergency exit prior to take-off, or that a pre-flight/service check revealed this to be true. Furthermore, it is common knowledge that airline seats are fixed, immovable, and incapable of being placed in front of an exit so as to block its usage.

This Court's Order does not account for the undisputed fact that on this particular flight the Allegiant pilot and crew were undergoing a check-ride by the Federal Aviation Administration (FAA), the governing body for all rules and regulations promoting safety

---

[1] Under Rule 56(c) of the Ariz. R. Civ. P., a party opposing a motion for summary judgment "shall file a statement in the form prescribed by this Rule, specifying those paragraphs in the moving party's statement of facts which are disputed. . . ." When an opposing party fails to presented controverting facts, the "facts alleged by the moving party may be considered as true." *GM Dev. Copr. V. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5, 795 P.2d 827, 831 (App. 1990).

in civil air commerce.[2] A plane cannot fly unless deemed airworthy by the FAA. This plane was granted its Airworthiness Certificate in 2006. The plane would not have been deemed airworthy unless it conformed to its required type design, including seat operation, and must be in a condition for safe operations. *See* 49 U.S.C. § 44704(c) and 14 C.F.R. §21.183(a), (b), and (c). As stated in the previous briefing, yet passed over by this Court's analysis, if the plane was not in an airworthy condition prior to take-off, including configuration of its seats, there is little question that the check-ride by the FAA would not have taken place.

Again, Plaintiff did not present any controverting facts as to Allegiant's service check and pre-flight. The record establishes that a pre-flight and service check was performed and no discrepancies were found. *See* Allegiant's SOF ¶36-38. The Court relies on an unverified statement by a passenger who stated the "seat was positioned in a way that prevented the over wing emergency door from opening." *See* Plaintiff's SOF ¶66. However, it is undisputed by Plaintiff that the FAA was onboard, conducting a check-ride, the day of the incident. Thus, a reasonable person would conclude that the FAA, the governing body for the operation of safe air travel, would notice if a seat was blocking an emergency exit. For this Court to rely on an unverified statement of a passenger, while ignoring the lack of action by the FAA, is confusing.

Because the FAA deemed the plane airworthy, including the seat positions, and because Plaintiff has presented no controverting evidence indicating a service check was improperly performed, Allegiant's Motion for Summary Judgment should be granted as to the performance of the pre-flight and service checks.

---

[2] *See* fn. 3 in Allegiant's Reply to its Motion for Summary Judgment

### III. THE COURT DID NOT CONSIDER UNCONTESTED EVIDENCE THAT THE MAINTENANCE AND SERVICE-CHECKS OF THE ENGINE AND CSD REVEALED NO ISSUES.

The Court concluded that uncontested evidence showing that no issues or discrepancies with the CSD and engine, at least four months prior to the engine was "unpersuasive." Specifically, the Court states, "Defendant does not establish that an engine component problem could not have existed without an overheating incident in four months . . . [and] there is a factual issue as to whether engine issues existed."

First, the issue in question is not whether "engine issues existed," but whether Allegiant caused the engine issue to exist by way of negligent maintenance. The uncontested evidence reveals service checks of the engine and CSD were completed and revealed no issues with either component leading up to the day of the flight, and at a minimum, 30 days prior to the flight.

In spite of this uncontested evidence the Court relied solely on Plaintiff's statements as to the overheating events. The Court even goes so far as to say that because "Mr. Swope stated that these engine issues indicate negligent engine maintenance. . . There is a genuine issue of material fact as to whether Defendant's engine maintenance was proper." The Court also opines that "engine-overheat incidents in March are probative of engine problems." It is unclear how a statement that lack of engine problems four months prior to the date of the emergency landing is unpersuasive to this Court, but engine problems that were clearly resolved is "probative" of an issue.[3]

The problem with reliance on Mr. Swope's statements is that Mr. Swope's based his conclusions on nothing more than his speculation without any supporting basis. Mr. Swope did not present evidence of overheating issues that were ignored, or service checks that revealed discrepancies that were overlooked. In fact, Mr. Swope did not present any

---

[3] *See* Order at p.10.

evidence that would lead a reasonable person to conclude that Allegiant performed its maintenance in a negligent fashion so as to cause the engine issue that resulted in the plane having to make an emergency landing.[4] Sometimes components just fail.

Because it is Plaintiff's burden to present evidence establishing Allegiant's breach as to the maintenance of the engine and CSD, and because Plaintiff has failed to show any evidence of wrongdoing, Allegiant's Motion for Summary Judgment as to Plaintiff's allegation of negligent maintenance to the engine and CSD must be granted.

## IV. THE COURT IGNORES THE LAW CONCERNING PROXIMATE CAUSATION.

To be certain, Plaintiff alleges he injured himself when he evacuated a plane via an exit slide, after it made a safe emergency landing. Plaintiff acknowledges he was not pushed or shoved out the plane, and it is uncontested that the slide Plaintiff evacuated from deployed properly and functioned without issue.

This Court makes the statement that "Plaintiff offers sufficient evidence that the negligent maintenance of the engine caused overheating, which caused the fire warning and induced the pilots to make an emergency landing." First, there was no evidence presented of "negligent maintenance." Not only has Plaintiff failed to produce such

---

[4] The time period for Plaintiff to disclose its expert opinions was May 19, 2014. On June 16, 2014, Plaintiff produced an affidavit of its expert, Leonard Swope, as part of its Reply to its Motion to Compel, subsequently denied by this Court. Defendant filed a Motion to Strike the untimely affidavit. During the hearing on Plaintiff's Motion to Compel and Defendant's Motion to Strike the Court stated "I am going to deny the motion to strike that was filed by defendants for the reason that the Court finds that there is nothing - - no facts asserted in those attachments that were of consequence to this Court's deciding the motion to compel." *See* Hearing Transcript, p. 16, attached hereto.
While the Court's statement at the hearing on July 25, 2014 show that it did not even consider Plaintiff's expert's late affidavit in its ruling, here, the Court made its ruling on Defendant's Motion for Summary Judgment on that very same affidavit that was undeniably late, nearly a month past the deadline for disclosures. The Court, in its ruling, therefore considered evidence that should not have been considered, moving this Court to improperly deny Defendant's Motion for Summary Judgment.

4834438v1/24464-0002

7

evidence for this Court to summarily conclude that such existed is undeniably prejudicial to Allegiant's defense of the case. The Court makes yet another conclusory statement that the "evacuation endangered the passengers by forcing a panicked slide exit . . . . [and] but for the negligent maintenance and subsequent evacuation, the plane might have landed at its intended destination . . ." Such statements are wholly unsupported by the evidence in the record. Plaintiff's failure to present any evidence to the contrary is glaring.

Plaintiff bears the burden of proof on causation. Plaintiff's Response, however, is completely devoid of a single fact that Defendant negligently handled the evacuation or the use of the slides, the very element Plaintiff alleges he was injured upon. The Order, however, overlooks the fact that Plaintiff's claim stems from an emergency evacuation. Yet Plaintiff has not, nor cannot present any evidence demonstrating that the evacuation itself caused Plaintiff's injuries. Thus, Plaintiff has not established proximate causation.[5]

The Court's Order relies on the issue of causation-in-fact, instead of the necessary element of "proximate causation" for Plaintiff to establish a claim for negligence against Allegiant. Causation consists of two elements: (1) cause in fact, meaning the injury would not have occurred but for the defendant's conduct,[6] and (2) proximate cause, meaning the conduct, "in a natural and continuous sequence, unbroken by any efficient intervening cause, produces [the] injury."[7] Both elements must be shown to prove causation.[8]

---

[5] To prove proximate cause, the plaintiff must show the alleged conduct at issue was "a substantial factor in bringing about the harm." *Thompson v. Better-Bilt Aluminum Products Co.*, 171 Ariz. 550, 554, 832 P.2d 203, 207 (1992). Allegiant acknowledges an engine warning light signified the need for an emergency landing, however, the engine warning light and subsequent landing only establish cause in fact, and does not prove proximate cause.
[6] *Ontiveros v. Borak*, 136 Ariz. 500, 505, 667 P.2d 200, 205 (1983).
[7] *Robertson*, 163 Ariz. at 546, 789 P.2d at 1047 (citations omitted).
[8] *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1138 (D. Ariz. 2007) aff'd, 379 F. App'x 584 (9th Cir. 2010).

As stated in the briefing, even if "causation-in-fact" is found, Plaintiff has not, nor cannot present any evidence to establish that his escape from the plane, down a functioning emergency exit slide, of which he was required to evacuate from, and from which he was neither pushed nor shoved onto, was the proximate cause of his alleged injury.

The Court's Order only cites to Plaintiff's expert's statement "that a defective and improperly lubricated part caused the CSD and/or AC Generator to overheat. . ." and "Plaintiff demonstrates a natural and continuous sequence of events stemming from Defendant's maintenance of the engine that resulted in Plaintiff's injury." The problem with this statement and the Court's reliance upon it is Mr. Swope presented <u>zero</u> evidence for support. He never inspected the CSD, or the engine following the emergency landing, nor did the records reveal any evidence of an improperly lubricated part. *See* Allegiant's SOF. Mr. Swope's statement is pure conjecture and one upon which this Court improperly relied. For these reasons, Plaintiff has not met its burden of proving proximate causation and thus Allegiant's Motion for Summary Judgment as to Causation must be granted.

## V. **CONCLUSION**

Based on the foregoing, Allegiant respectfully requests that this Court reconsider its Order denying Allegiant's Motion for Summary Judgment on the issues of negligent slide maintenance, negligent engine maintenance, and proximate causation. Allegiant is entitled to a grant of summary judgment on all issues, dismissing Plaintiff's claims in their entirety.

DATED this 8th day of June, 2015.

                              GALLAGHER & KENNEDY, P.A.

                              By: */s/ Kimberly G. Allen*
                                  Kevin D. Neal
                                  Kimberly G. Allen
                                  2575 East Camelback Road
                                  Phoenix, Arizona 85016-9225
                                  Attorneys for Defendant Allegiant Air, LLC

4834438v1/24464-0002

10