WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dallas Lazzerini and David Lazzerini,<br><br>  Plaintiffs,<br><br>v.<br><br>Allegiant Air, LLC,<br><br>  Defendant. | No. CV-12-01738-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Allegiant Air, LLC's ("Defendant") Motion for Summary Judgment (Doc. 112). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

On August 15, 2012, this case was removed from the Maricopa County Superior Court. John Desch ("Plaintiff") filed a complaint, alleging that Defendant negligently maintained the emergency slides and exits on its aircraft, Defendant negligently maintained the Constant Speed Drive (hereinafter "CSD") and the Alternating Current Generator (hereinafter "AC Generator") on the aircraft's right engine, and Defendant's negligence in those respects created a risk that proximately caused Plaintiff's injury.[1]

---

[1] Other plaintiffs also filed claims against Defendant arising out of the same incident but have since settled. On April 18, 2013, plaintiffs Dallas Lazzerini and David Lazzerini settled their claims against Defendant and were later granted stipulation of dismissal. On October 4, 2013, plaintiff Tammie Dent settled her claims against Defendant and was later granted stipulation of dismissal. On January 8, 2014, plaintiff Richard Dent settled his claims against Defendant and was later granted stipulation of dismissal. Plaintiff John Desch is the only remaining Plaintiff before the Court.

After eighteen months of discovery, Defendant filed a Motion for Summary Judgment and Statement of Facts on September 26, 2014. On October 30, 2014, Plaintiff filed a Response to Defendant Allegiant Air, LLC's Motion for Summary Judgment and a Statement of Facts in Support of Response to Defendant Allegiant Air, LLC's Motion for Summary Judgment. Thereafter, Defendant filed a Reply to its Motion for Summary Judgment.

## FACTUAL BACKGROUND

Defendant scheduled flight number 645 to fly from Montana to Arizona for July 25, 2010. Plaintiff was aboard this flight. During the flight, the pilots declared an emergency at 20,000 feet and made an emergency landing in Flagstaff, Arizona. (Pl.'s SOF at ¶1, Ex. 2 at 20.) Once landed, an emergency evacuation occurred and Plaintiff exited the plane via the right front emergency slide. Plaintiff claims he suffered injury as a result.

**A. Facts Relevant to the Negligent Maintenance of the Emergency Slides and Exit Claim.**

It is uncontested that on the date of the incident, the emergency slides failed to auto-deploy and the flight attendants manually inflated them. Additionally, one of the emergency slides fell backwards into the cabin instead of outwards onto the ground. (Pl.'s SOF at ¶5, Ex. 5 at 19.) Notably, Plaintiff used the right front ("R1") slide, which did not fall backwards into the cabin. (Def.'s SOF at ¶11.) Mr. Nathaniel Odle, a passenger on the flight, stated in a sworn affidavit that these occurrences caused panic among the passengers. (Pl.'s SOF at ¶10, Ex. 9 at 1.) Ms. Arlene Parker, another passenger, testified in a deposition that although there was a sense of hurriedness, the passengers were neither calm nor panicked. (Pl.'s Resp., Ex. 5 at 19.)

Two days prior to the flight, Defendant performed a slide check on this aircraft, which revealed no issues with the emergency slides. (Def.'s SOF at ¶36.) On the day of the flight, Defendant's on-flight crew performed a pre-flight check, which indicated that all slides were capable of being deployed. (Def.'s SOF at ¶38.)

Mr. Odle was seated in the emergency exit row and stated in a sworn affidavit that the emergency exit door in his row was blocked from opening, which caused further panic. (Pl.'s SOF at ¶¶8, 9, Ex. 9 at ¶6.) Specifically, Mr. Odle stated that although he was able to release the emergency exit door lock, he could not pull the door open because its path was obstructed by a seat. (Pl.'s SOF at ¶8, Ex. 9 at ¶6.) Defendant asserts in its Reply that the aircraft had obtained an airworthy certificate, establishing that the FAA had certified the aircraft was safe for operation, which the aircraft would not have received had any seat been configured to block an aircraft exit. (Def.'s Reply at 6.)

**B. Facts Relevant to the Negligent Maintenance of the Right Engine Claim.**

On the date of the incident, Defendant declared an emergency landing because of a potential overheating in either the right engine's CSD or AC Generator. (Pl.'s SOF at ¶¶1, 42, Ex. 2 at 20-21, Ex. 22 at 7.) Ms. Elizabeth Vindas, one of the pilots on the aircraft, testified that after she noticed a burning smell, the pilots mutually decided to land the aircraft in accordance with company and checklist procedures. (Pl.'s SOF at ¶1, Ex. 2 at 20-21.) In Defendant's supplemental disclosure statement, Defendant's expert Kurt Carpenter states, "the engine was shut down as a precautionary measure after the flight crew was notified that a fire and/or heating had occurred in the CSD/Engine Driven Generator." (Pl.'s Resp., Ex. 22 at 7.)

The Airport Fire Department Incident Report reported that the No. 2 engine's AC Generator suffered a catastrophic failure due to an engine fire and that the fire was "extinguished (in flight) when the crew dispensed both fire bottles." (Pl.'s SOF at ¶43, Ex. 20, at ¶4; Ex. 21.) The FAA Incident Report indicated that the primary factor for the incident was a component failure that occurred while the aircraft was cruising. (Pl.'s SOF at ¶40, Ex. 1 at 5.)

**STANDARD OF REVIEW**

Summary judgment is warranted if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a). The moving party must produce sufficient evidence to persuade the court that there is no genuine issue of material fact. See Nissan Fire & Marine Ins. Co.,

Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). Conversely, to defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that might affect the outcome of the suit under the governing law, and a factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party would bear the burden of persuasion at trial, the moving party may carry its initial burden of production under Rule 56(a) by producing "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire, 210 F.3d at 1105-06.

When the moving party has carried its burden under Rule 56(a), the nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact for trial. See id. The nonmoving party's evidence is presumed to be true and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. See Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987). If the nonmoving party produces direct evidence of a genuine issue of material fact, the motion for summary judgment is denied. See id.

\\\
\\\

## DISCUSSION

**A. Whether Plaintiff Offers Contravening Evidence in His Response.**

Defendant claims that Plaintiff fails to dispute certain facts and argues that the Court should presume these undisputed facts as true under Rule 56(c) of the Arizona Rules of Civil Procedure. Specifically, Defendant argues the following three facts should be presumed true: (1) there is no evidence of problems with the CSD or discrepancies with the aircraft service records; (2) there is no evidence that would indicate an issue with the CSD, engine, or generator for 30 days prior to the date of the incident; and (3) slide issues may not have been discovered because their actual deployment did not occur until the day of the flight.

Under Arizona Rule of Civil Procedure 56(c), the Court considers the three facts true because Plaintiff fails to dispute them. However, "even if there is no factual dispute, where possible inferences to be drawn from the circumstances are conflicting, summary judgment is unwarranted." Morelos v. Morelos, 631 P.2d 136, 137 (Ariz. App. 1981). Thus, even if these facts are undisputed, inferences from these facts and other facts may still establish a genuine issue of material fact. Furthermore, Plaintiff offers contravening evidence in response to different facts.[2]

**B. Whether Plaintiff Concedes that the Flight Crew Was Not Negligent.**

Defendant contends it is entitled to summary judgment on the issue of the flight crew's alleged negligence in its evacuation of the plane. Defendant asserts that the flight crew followed protocol and procedures, and that Plaintiff does not allege any facts sufficient to establish the crew's negligence. Plaintiff does not address this assertion in

---

[2] As part of Plaintiff's evidence, Plaintiff submits the affidavit of Leonard Swope. Mr. Swope was formerly a Principal Maintenance Inspector and Supervisor of the Airworthiness Section of the FAA and a certified Airframe and Powerplant aircraft mechanic with experience on large, commercial aircrafts. Defendant objects to Mr. Swope's affidavit, arguing it should not be considered by the Court because it is untimely and comprised of conclusory allegations. The Court, in its discretion, overrules this objection and considers Mr. Swope's affidavit, for the reasons that Plaintiff disclosed Mr. Swope as an expert witness before the expert disclosure deadline, Mr. Swope's expert report, in part, was submitted in time, and Defendant had an opportunity to depose Mr. Swope. Additionally, the affidavit contains expert opinions, not just conclusory allegations as asserted by Defendant.

his Response. Accordingly, the Court will grant Defendant's Motion for Summary Judgment as to the flight crew's alleged negligence.

### C. Negligent Maintenance of the Emergency Slides and Exit Claim

Defendant asserts there is insufficient evidence of a genuine issue of material fact as to Plaintiff's claim that the aircraft slides and exit were negligently maintained. Specifically, Defendant asserts there is no genuine issue of fact as to whether Defendant breached a duty, and as to whether Defendant caused Plaintiff's injuries. Defendant asks this Court to rule in its favor as a matter of law.

#### 1. Breach Claim

Defendant contends no genuine issue of material fact exists as to whether Defendant breached a duty because evidence fails to show the slides and exits were negligently maintained. Specifically, Defendant claims neither the Service Check nor the pre-flight check indicated slide issues. (Def.'s Reply at 5.) Defendant criticizes Plaintiff's logic, arguing that just because an accident may have occurred does not necessarily mean there was negligent maintenance of the slides or an improper Service Check. (Def.'s Reply at 4); Kiser v. A. J. Bayless Markets, Inc., 449 P.2d 637, 640-42 (Ariz. App. 1969) (stating that an accident by itself is not negligence). Next, Defendant argues that even if there were a slide issue, it may not have been discoverable because it didn't happen until the day of the flight. (Def.'s Reply at 5.) To support that claim, Defendant points to Leonard Swope's deposition testimony during which Mr. Swope conceded that the slide issue may not have been discoverable. (Pl.'s Resp., Ex. 4 at 33.)

Defendant further contends the seat configuration in the aircraft could not have blocked the emergency exit. To support that claim, Defendant points to its FAA airworthiness certificate, which indicates that the aircraft has conformed to FAA standards and thus, was in safe operating condition. (Def.'s Reply at 6, note 3.)

In response to these arguments, Plaintiff contends there is genuine issue of material fact as to whether Defendant breached a duty because evidence shows the slides and exits were negligently maintained. Specifically, Mr. Swope testified that the emergency slides and emergency exit were both of in a non-airworthy condition. (Pl.'s

Resp., Ex. 20 at ¶13.) First, Mr. Swope testified that the slides were negligently maintained because Defendant would have discovered their inability to deploy properly had the Service Check been properly performed. (Pl.'s Resp., Ex. 20 at ¶14.) Second, Mr. Swope testified that a passenger seat blocked the emergency exit, Defendant's personnel should have noticed the blockage, and the blockage interfered with the emergency exit procedures. (Pl.'s Resp., Ex. 20 at ¶13.) Plaintiff also claims that a pileup of injured people indicates negligence. (Pl.'s Resp. at 11.) In light of the foregoing occurrences and expert testimony, Plaintiff asserts there is sufficient evidence to reasonably infer negligent maintenance. (Pl.'s Resp. at 11-12.)

Under Arizona law, proof of the following elements are necessary to maintain a negligence claim: a legal duty, a breach of that duty, and actual injury proximately caused by that breach. Flowers v. K-Mart Corp., 616 P.2d 955, 957 (Ariz. App. 1980); Patterson v. Thunder Pass, Inc., 153 P.3d 1064, 1067 (Ariz. App. 2007). Ordinarily, a jury determines the question of breach. Flowers, 616 P.2d at 967. If the court can say that reasonable persons could come to no other conclusion, then the court may decide the question of breach. Id.

The Court finds sufficient evidence of a breach of duty that raises a genuine issue of material fact. First, Plaintiff's expert testimony challenges the adequacy of Defendant's Service Check. Specifically, Mr. Swope testified that Defendant would have discovered the slide problem if they properly adhered to the Service Checklist and properly installed, maintained and inspected the emergency slides. Defendant rebuts Plaintiff's accusation with evidence of a completed Service Check and a pre-flight check that showed the slides were capable of being deployed. Mr. Swope also testified that Defendant should have discovered the blocked emergency exit. Although Defendant asserts that an FAA airworthiness certificate establishes that the exit was not blocked, a passenger on the plane who tried to deploy the slide stated that it was. Thus, there is a sufficient issue of material facts for a factfinder to reasonably conclude the Service Check was inadequate and the slides and exits were negligently maintained.

### 2. Proximate Causation Claim

Defendant argues there is insufficient evidence to support a proximate causation finding. Defendant claims the slide which fell into the cabin was not the slide that Plaintiff used to exit the plane, and thus could not have caused injury to Plaintiff. Also, Defendant argues that the blocked emergency door and pileup at the end of one slide has no bearing on Plaintiff's injury. Generally, Defendant asserts that Plaintiff's two-minute exit from the aircraft on the slide that did deploy could not have been affected by the failure of the other slide to deploy.

Plaintiff contends that multiple occurrences during the evacuation endangered passengers' departures of the aircraft, which proximately caused Plaintiff's injury. To begin, Plaintiff alleges that manual inflation of the slides and the deploying of one slide into the cabin caused passengers to "have to reroute their emergency egress." (Pl.'s Resp. at 2.) Next, Mr. Swope opines that negligent maintenance of the emergency slides "interfered with the emergency exit procedures." (Pl.'s Resp., Ex. 20 at ¶14.) Lastly, passenger Odle stated that the emergency exit's failure to open caused "increased panic in the evacuation process." (Pl.'s Resp. at 2.) Plaintiff claims that as a result of the slide and exit incidents, the panic, rerouting, and crowding, Plaintiff's injury occured. (Pl.'s Resp. at 11.)

To establish a prima facie case of negligence, Arizona law requires that a plaintiff present probable facts from which a causal relationship may reasonably be inferred. Rudolph v. Arizona B.A.S.S., 898 P.2d 1000, 1004 (Ariz App. 1995). Causation is generally a question of fact unless a jury could not conclude a plaintiff had proved causation. Barrett v. Harris, 86 P.3d 954, 958 (Ariz. App. 2004). "Although the determination of proximate cause is ordinarily for the jury, the court may be able to conclude as a matter of law that a defendant did not cause a plaintiff's injury." Stephens v. Bashas' Inc., 924 P.2d 117, 121 (Ariz. App. 1996). Thus, if the factfinder could not reasonably conclude from the facts that a causal relationship existed, the Court may rule that Defendant did not cause Plaintiff's injuries as a matter of law.

The Court finds there is sufficient evidence of a genuine issue of material fact as to whether Defendant's maintenance of the slides and exit proximately caused Plaintiff's injury. First, there is sufficient evidence indicating that manual inflation of the emergency slides may have panicked the passengers as they crowded into the aisle. Increased panic may have led to a rushed environment where Plaintiff and other passengers sacrificed precaution for swiftness. Second, although Plaintiff did not use the slide that deployed into the cabin, sufficient evidence indicates the faulty deployment may have panicked the passengers during the evacuation process. Similarly, this may have resulted in Plaintiff and other passengers sacrificing precaution for swiftness. Third, although Plaintiff used the emergency slide instead of the emergency exit, sufficient evidence indicates that the blocking of the emergency exit may have further panicked the passengers as they diverted towards the slide exits. Here, in addition to sacrificing precaution for swiftness, the diversion of more traffic may have altered the volume of passengers heading toward certain slides, which may have caused congestion and increased danger. Although there are different views of the level of panic reached by the passengers on the plane, a factfinder could reasonably find that the malfunctions created a dangerous evacuation. Thus, the Court finds a genuine issue of material fact regarding proximate causation such that a factfinder could reasonably find in favor of Plaintiff.

Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Defendant's alleged negligent maintenance of the slides and exit.

**D. Negligent Maintenance of the Right Engine Claim**

    **1. Breach Claim**

Relying on Mr. Swope's expert testimony, Plaintiff contends two facts are at issue. First, Plaintiff contends there were engine issues leading up to the July incident. Mr. Swope states that two overheating incidents in March 2010 and the engine's excessive oil consumption both indicate engine problems existed prior to the incident. (Pl.'s Resp., Ex. 20 at ¶15.) Next, Mr. Swope states that a defective and improperly lubricated engine part most likely caused the engine's CSD or AC generator to overheat. (Pl.'s Resp. at 6, Ex. 20 at ¶10.) Additionally, Plaintiff claims Defendant removed the CSD and AC generator

before conducting post-incident testing, which prevented discovery of the engine's true problem. (Pl.'s Resp. at 5.)

Second, Plaintiff contends the incident would not have occurred had Defendant properly maintained the engine. Mr. Swope states that a correctly performed routine maintenance check would have revealed the engine problems. (Pl.'s Resp. at 5.) Mr. Swope also states that the records show "an abnormally large number of instances of overheating of the CSD requiring oil service" indicating Defendant's negligent maintenance of the engine. (Pl.'s Resp., Ex. 20 at ¶9.) Mr. Swope adds that Defendant's records should have provided, among other things, important information on oil additions. (Pl.'s Resp. at 6.) Moreover, Mr. Swope determined that the engine sustained overheating issues when attached to a different aircraft. (Pl.'s Resp., Ex. 20 at ¶11.) Mr. Swope concludes that Defendant negligently treated the engine problem by adding more oil where repair or replacement of the defective engine part was needed. (Pl.'s Resp. at 6; Ex. 20 at ¶¶9, 10.)

Defendant contends there is insufficient evidence of breach. (Def.'s Reply at 8.) Defendant argues Mr. Swope's affidavit fails to indicate engine issues or negligent maintenance. (Def.'s Reply at 8.) First, Defendant points out that Mr. Swope's affidavit fails to cite any records in support of his theory of events or engine issues. (Def.'s Reply at 9.) Second, Defendant argues that even if the engine overheated twice in March 2010 as Mr. Swope alleged, Defendant fixed the engine problem because there were no engine issues four months thereafter. (Def.'s Reply at 9.) Third, Defendant argues Mr. Swope has no evidence of CSD problems or negligent maintenance because multiple Service Checks revealed no issues. (Def.'s Reply at 9.)

The Court finds a genuine issue of material fact regarding Defendant's alleged breach. First, Defendant's Service Checks and records are not dispositive that the engine was fixed or that no engine problems existed. Mr. Swope sufficiently contests Defendant's Service Checks and records by claiming that Defendant's records are incomplete without a category indicating how much oil was added. Moreover, the engine-overheat incidents in March are probative of engine problems. Defendant's

argument that they fixed any existing engine problems because the engine did not overheat for four months since March 2010 is unpersuasive. Despite the absence of overheating incidents between March and July, Defendant does not establish that an engine component problem could not have existed without an overheating incident in four months. Thus, in light of the foregoing evidence and testimony, there is a factual issue as to whether engine issues existed.

Second, there is genuine issue of fact as to the adequacy of Defendant's engine maintenance. Mr. Swope cites to specific dates on which the right engine's CSD experienced overheating or other issues. (Pl.'s Resp., Ex. 20 at ¶15.) Mr. Swope stated that these engine issues indicate negligent engine maintenance. (Pl.'s Resp., Ex. 20 at ¶9.) Defendant's argument that the Service Checks revealed no discrepancies 30 days before the flight does not completely remove factual doubt regarding the engine maintenance. Thus, in light of the engine discrepancies, there is a genuine issue of material fact as to whether Defendant's engine maintenance was proper.

**2. Proximate Causation Claim**

Defendant contends that even if there was some evidence of negligent maintenance of the engine, there is no proximate causation between the engine maintenance and Plaintiff's injuries, citing Ontiveros v. Borak, 667 P.2d 200, 205 (Ariz. 1983). (Def.'s Reply at 9.) Defendant argues that Plaintiff only shows "but-for" cause, which is insufficient to establish causation. (Def.'s Reply at 9.) Specifically, Defendant claims the engine maintenance was not a substantial factor in bringing about Plaintiff's injury. (Def.'s Reply at 10.) Ultimately, Defendant asserts, the cause of Plaintiff's injury was Plaintiff's own improper use of the slide, or a manufacturing defect. (Def.'s Reply at 10.)

Plaintiff contends that Defendant proximately caused Plaintiff's injury because negligent engine maintenance caused an emergency evacuation on emergency slides that endangered the passengers. (Pl.'s Resp. at 17.) Specifically, Plaintiff's expert Mr. Swope opines that a defective and improperly lubricated part caused the CSD and/or AC Generator to overheat, which subsequently led to the fire emergency and emergency

landing. (Pl.'s Resp., Ex. 20 at ¶¶9, 10.) Citing Arizona State Highway Department v. Betchtold, 460 P.2d 179, 183 (Ariz. 1969), Plaintiff argues that proximate cause is a cause without which the injury would not have happened, i.e., but-for cause. (Pl.'s Resp. at 16.) Additionally, Plaintiff cites Wisener v. State, 598 P.2d 511, 513 (Ariz. 1979), which held that expert testimony may provide a basis from which the causal sequence may be inferred.

"To establish a prima facie case of negligence, a plaintiff must show that the defendant's negligent acts were the proximate cause of the plaintiff's injuries." Grafitti-Valenzuela v. City of Phoenix, 167 P.3d 711, 717 (Ariz. App. 2007); see Cloud v. Pfizer Inc., 198 F.Supp.2d 1118, 1138 (D. Ariz. 2001). A plaintiff proves proximate cause by demonstrating two things. First, the plaintiff must demonstrate "a natural and continuous sequence of events stemming from the defendant's act or omission, unbroken by any efficient intervening cause, that produces an injury, in whole or in par[t]." Grafitti-Valenzuela, 167 P.3d at 717. Importantly, for a negligent act to amount to proximate cause, it must be a substantial factor in bringing about the injury. Id.; see Wisener, 598 P.2d 511. Second, "[a] plaintiff must show at trial that the injury would not have occurred 'but for' the defendant's negligent conduct." Id. Generally, proximate cause is a question of fact reserved for the jury, unless reasonable persons could not differ. See McMurtry v. Weatherford Hotel, Inc., 293 P.3d 520, 532 (Ariz. App. 2013).

The Court finds sufficient evidence for a genuine issue of material fact as to whether Defendant's engine maintenance proximately caused Plaintiff's injury. First, Plaintiff demonstrates a natural and continuous sequence of events stemming from Defendant's maintenance of the engine that resulted in Plaintiff's injury. Specifically, Plaintiff offers sufficient evidence that the negligent maintenance of the engine caused overheating, which caused the fire warning and induced the pilots to make an emergency landing. This sequence of events led to a dangerous situation with the emergency slides and panicked passengers. Second, Defendant's negligent maintenance of the engine may have been a substantial factor in the continuous sequence of events leading to Plaintiff's injury. Specifically, sufficient evidence indicates that the engine overheating and

subsequent evacuation endangered the passengers by forcing a panicked slide exit. Third, but for the negligent maintenance and subsequent evacuation, the plane might have landed at its intended destination without a panicked slide exit. Thus, there is genuine issue of material fact regarding proximate causation such that a factfinder could reasonably find in favor of Plaintiff.

Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Defendant's alleged negligent maintenance of the right engine.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Allegiant Air LLC's Motion for Summary Judgment (Doc. 112) is **GRANTED IN PART and DENIED IN PART** as set forth in this Order.

Dated this 28th day of May, 2015.

*[signature]*
Michelle H. Burns
United States Magistrate Judge