CV-12-01738-PHX-MHB, July 25, 2014

1        **UNITED STATES DISTRICT COURT**

2        **FOR THE DISTRICT OF ARIZONA**

3        _____

4

5   **Dallas Lazzerini and David**      )
    **Lazzerini, et al.,**              )
                                        )
6                Plaintiffs,            )   CV-12-01738-PHX-MHB
                                        )
7        vs.                            )   Phoenix, Arizona
                                        )   July 25, 2014
8   **Allegiant Air, LLC,**             )   2:01 p.m.
                                        )
9                Defendant.             )
    _____)

10

11

12

    **BEFORE:  THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE**

13
                **TRANSCRIPT OF PROCEEDINGS**
14
                    **MOTION HEARING**
15

16

17

18

19

20

21  Transcriptionist:
    **Elaine Cropper**
22  Sandra Day O'Connor U.S. Courthouse
    401 West Washington Street, SPC 35
23  Phoenix, Arizona  85003-2150
    602.322.7245/(fax) 602.322.7253

24
    Proceedings Recorded by Electronic Sound Recording
25  Transcript Produced by Transcriptionist

                United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1                    **A P P E A R A N C E S**

2

For the Plaintiff Desch:
3            **PAULA KNIPPA, ESQ.**
             **MARK D. PIERCE, ESQ.**
4            Slack & Davis, L.L.P.
             2705 Bee Cave, Ste. 220
5            Austin, TX  78746

6   For the Plaintiff Desch:
             **THOMAS A. BURNETT, ESQ.**
7            Burnett Law Office, P.L.C.
             1744 S. Val Vista Dr., Ste., 208
8            Mesa, AZ  85204

9   For the Defendant:
             **KIMBERLY G. ALLEN, ESQ.**
10           Gallagher & Kennedy, P.A.
             2575 East Camelback Road
11           Phoenix, AZ  85016

12

13

14

15

16

17

18

19

20

21

22

23

24

25

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

**P R O C E E D I N G S**

1

2        (Court was called to order by the courtroom deputy.)

3        (Proceedings begin at 2:01.)

4                THE COURT:  Good afternoon, everyone.

5                COURTROOM DEPUTY:  Case number CV-12-1738.  *Lazzerini*

6    *v. Allegiant Air,* on for a motion hearing.

7                Counsel, please state your appearances for the

8    record.

9                MS. KNIPPA:  Your Honor, Paula Knippa, Mark Pierce

10   and Thomas Burnett for the plaintiff, John Desch.

11               THE COURT:  Good afternoon.

12               MS. KNIPPA:  Good afternoon.

13               MS. ALLEN:  Kimberly Allen and Liana Garcia on behalf

14   of defendant Allegiant Airlines.

15               THE COURT:  Good afternoon to you as well.

16               Before we get started, I just wanted to cover a

17   couple of housekeeping matters.  Number one, this case, as you

18   know, was transferred to this Court on May 15.  All of the

19   judges here in this district are different in the way that they

20   conduct their discovery in civil cases and I differ from Judge

21   Logan in this respect.  I require that if there is a discovery

22   dispute, the parties are required to meet and confer and try to

23   resolve it.  If you can't, you are directed, and I am informing

24   you now, you are directed to contact my court and we'll

25   schedule a telephonic conference and see if we can resolve it

CV-12-01738-PHX-MHB, July 25, 2014

1    that way.

2            So going forward, I just wanted to make sure you're

3    aware of that.  It doesn't affect the motions that are filed

4    today because they were filed, obviously, not knowing this

5    Court's practice.

6            What I'm going to do is I'm going to start by

7    discussing plaintiffs' emergency motion to compel and the way

8    I'm going to structure this hearing today is I'm going to tell

9    you what I have concluded.  I have reviewed everything very

10   carefully.  I've reviewed every exhibit, every motion, so I

11   don't need for you to stand up and tell me something that's

12   already there.  And I certainly don't want you to stand up and

13   tell me something new because I'm not going to consider

14   anything that is new and not in these pleadings.

15           So what I'm going to do is tell you what I've

16   concluded are the remaining issues, discovery issues, with

17   respect to plaintiffs' emergency motion to compel.

18           And I note that on April 16, Judge Logan entered his

19   order that was directed to plaintiffs' motion regarding Request

20   for Production three and four, five, six and request for

21   information number two and I noted that Judge Logan did grant

22   that request and I noted, too, that there was a discussion

23   anyway that the Court referenced or maybe it was in defendant's

24   pleading that plaintiff had narrowed the RFP number discussion

25   discovery request to the engine flight generator.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1      I noted that in that order, Judge Logan required that

2  the deadline for completion of discovery was April 22 in the

3  sense that what was already produced, that's when it had to be

4  produced.  I'm sorry, then the discovery deadline was set for

5  April 29 and expert disclosure was scheduled for May 19.

6      And plaintiffs' emergency motion to compel, it

7  appears to me that the following was conceded in reviewing the

8  response and reply.  It appears to me that the defendants have

9  produced the engine time and total cycles, the time control

10 card for the generator after the engine was removed, and the

11 preliminary inspection findings from Pacific Gas Turbine and

12 I'll give you a minute to digest that.  I went rather quickly

13 but that's my understanding of what was produced on May 19.

14     I believe there was some discovery produced on April

15 22 as well but I don't think that's at issue here.

16     The discovery that I believe the plaintiffs have

17 still not received -- and allow me, please, to summarize

18 that -- number one is discovery related to Request for

19 Production number six, which is the time control card for the

20 generator, and this would include the condition of the

21 generator when installed and the cycles, the time cycles.

22 Defendants, my understanding, claim these records don't exist.

23 And plaintiffs' position is that defendants are required to

24 keep said records so they must, therefore, exist pursuant to

25 the federal aviation regulations.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1    With respect to request for information two, it's my
2    understanding that the plaintiffs assert that the maintenance
3    reports by personnel involved in the removal of the engine
4    after the fire and when replaced have not been produced.
5    Defendants claim they don't exist and plaintiffs' assertion is
6    that they are required to keep them and, therefore, they do
7    exist.

8    With respect to RFP number five, it's my
9    understanding that the plaintiffs are claiming that the
10   preliminary inspection findings on the slides after the
11   evacuation by the repair station have not been produced.
12   Defendants say they have been produced and plaintiffs' position
13   is that the overhauled documents have not been produced.  And
14   to the extent that the defendants are denying their existence,
15   they are required to keep them.

16   And then with respect to RFP number five, plaintiffs
17   are claiming that defendants have not produced the guidelines
18   or procedures regarding maintenance of the emergency exits.
19   Defendants claim they produced a six-page outline which covers
20   that request and that there are no other records.  Defendant's
21   claim is that there are because they are required to keep
22   records that have not been produced.

23   And then, finally, with respect to RFP number three
24   and four, it's my understanding plaintiff is claiming that they
25   have not received the daily or preflight inspection for

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1   aircraft -- for the aircraft for 30 days prior to the accident
2   to determine the oil servicing on the engine drive generators.
3   The defendants have said that this information was provided and
4   plaintiffs assert that to the extent plaintiffs are claiming it
5   hasn't been provided, that it exists because those documents
6   are required to be -- exist.

7          I am going to hold off on ruling on defendant's
8   motion to strike even though -- primarily because I don't think
9   anything that was asserted in the attachments to the
10  plaintiffs' motion are facts that are of consequence to this
11  Court's analysis as it stands at this moment, but I certainly
12  will be open-minded to that as this hearing proceeds.

13         So with that, hopefully, I will let the parties
14  comment on whether or not I have summarized that accurately.
15  Hopefully, what I will hear is that some of this has also been
16  resolved before today.

17         So who wants to start?  Is it Ms --
18         MS. KNIPPA:  Knippa.
19         THE COURT:  Ms. Knippa.  You may proceed.
20         MS. KNIPPA:  We believe Your Honor has correctly
21  summarized what the plaintiffs' position is with respect to the
22  discovery that has been produced thus far.  Just based on our
23  many, many years of experience.
24         THE COURT:  I'm sorry, can you speak up a little bit.
25  You are like me, soft-spoken.

                    United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1     COURTROOM DEPUTY:  Or pull that microphone closer.

2         MS. KNIPPA:  It's a constant complaint I receive.

3         We agree with Your Honor's assessment of our

4    position, what we believe has not been produced, why we think

5    that's the case, why it's plausible, and I guess that's what

6    the Court is asking first.  I don't know if the Court wants me

7    to go into a further discussion of the whole point of our

8    motion to compel and the reason we have been forced on the eve

9    of -- well, actually disclosures to file an emergency motion.

10        THE COURT:  Well, I think what I'm getting at here is

11   I want to at least resolve the discovery piece here.  I don't

12   know if it will affect the Court's ruling with respect to the

13   other motions and how much they interplay.  But I do want to,

14   at the very least, resolve what has not been produced that you

15   think should be produced.

16        So let's move on with that.  Then I guess what I

17   would ask you, Ms. Knippa, is what you would have the Court do

18   if you indeed have an expert.  And I don't know that this Court

19   can put much stock in the expert's unsworn affidavit that these

20   records exist.  But nonetheless, even if the Court did, what

21   would you have the court do?  If the defendants are saying they

22   don't have these records, what would the Court -- what would

23   you expect the Court to do?

24        MS. KNIPPA:  Your Honor, it has been our -- I've

25   reviewed many of the pleadings in this case and it's been our

1  experience or my experience in reviewing them and comparing

2  them with the documentary evidence supporting the statements

3  that are alleged in one party's pleadings versus another

4  party's pleadings, there's a discrepancy.  It doesn't always

5  match up with respect to the defendant's pleading.  We would

6  like an opportunity to obtain sworn testimony from defendant's

7  witnesses, 30(b)(6) witnesses, which we've never gotten,

8  attesting to the fact --

9          THE COURT:  And that's addressing a motion that we'll

10  talk about later.

11          MS. KNIPPA:  I understand, Your Honor, but part of

12  the motion to compel is to extend the discovery period by four

13  months to allow time -- that's the relief we're requesting.

14  Give us an opportunity to absorb this document that we received

15  on the very day that our experts' disclosures are due to be

16  able to assess those documents, work them, conduct discovery

17  and get the necessary proof, or lack thereof, for our claims in

18  this case.

19          THE COURT:  Well, typically, when there is an

20  assertion that the party's not producing something and it is

21  speculation.  It may be even reasoned speculation or

22  speculation based upon somewhat reliable information.

23  Nonetheless, the remedy -- the typical remedy, if a party

24  doesn't disclose what they do, in fact, have, is down the road

25  and there are many remedies for that.  There's remedies with

 1    respect to the trial court disallowing testimony, disallowing

 2    evidence and in extreme cases, dismissal of the case and

 3    certainly referring to a local bar organization if a party has

 4    not complied with -- or has been dishonest in their discovery

 5    obligations.

 6           So those are the typical remedies that the Court has

 7    at its disposal in dealing with the failing to disclose the --

 8    the purposeful failure to disclose discovery that is, in fact,

 9    available.

10           MS. KNIPPA:  Yes, Your Honor, but that doesn't assist

11    the plaintiff in being able to present his case-in-chief fully

12    and fairly because his been denied in his initial effort to

13    present to the jury or the jury the factual basis for these

14    claims against the defendant.  And those are after the fact,

15    now we realize you never provided this.

16           Essentially, the types of relief that Your Honor is

17    discussing are things that the defendant would be estoped from

18    presenting the testimony of the witness.  We actually need the

19    testimony of witnesses from them to be able to establish the

20    validity of --

21           THE COURT:  Well, maybe their case will get

22    dismissed.  I mean if they purposefully fail to disclose

23    evidence that would be beneficial to the plaintiff, I can think

24    of many cases where the sanction has been dismissal -- I'm

25    sorry, not dismissal, because that would obviously be imposed,

CV-12-01738-PHX-MHB, July 25, 2014

 1    but judgment in favor of the plaintiff.

 2          MS. KNIPPA:  Your Honor, I'm at a loss as to -- I'm

 3    sorry.  I just kind of lost my train of thought.  But.  Oh, my

 4    goodness.  I did just lose my train of thought.

 5          I think the problem for --

 6          THE COURT:  It happens to all of us.

 7          MS. KNIPPA:  I think that the problem for us is how

 8    can they say they have evidence and never produce it when the

 9    only thing is we don't have the evidence.  All they said is in

10    a pleading, which isn't actually -- it's sort of binding.  It's

11    on the corporate defendant but, you know, the preferred -- in

12    my practice, the preferred vehicle for determining whether

13    something exists or it does not is to use -- not a fact

14    witness, maybe a fact witness but a 30(b)(6) deposition and

15    that, I believe, was implied in the whole May 19 request for an

16    extension of discovery period.  We've had -- and I know this is

17    kind of hard but we've had outstanding 30(b)(6) requests since

18    November of 2013.

19          THE COURT:  Well, we'll talk about that.  And maybe,

20    because you seem quite convinced, and I sort of see where

21    you're coming from in terms of tying the two motions together.

22    We'll talk about that but until we get to that, let me hear

23    from defendants and I believe is it --

24          MS. ALLEN:  Your Honor, may I use the podium?

25          THE COURT:  And you may and it's . . .

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1           MS. ALLEN:  Kim Allen.

 2           THE COURT:  Ms. Allen, yes.

 3           MS. ALLEN:  To address what's been produced and what

 4   hasn't been produced up to this point, in the second motion to

 5   compel that was granted in favor of plaintiffs, the Judge

 6   ordered written guidelines and procedures regarding maintenance

 7   of the emergency exits as well as maintenance records related

 8   to the emergency exits on the evacuation slides.  All of those

 9   have been produced.

10           Now, whether or not there are additional outstanding

11   documents at this point, Allegiant has assured me that nothing

12   else exists and the sworn -- the affidavit of Mr. Swope doesn't

13   cite to rules or regulations making Allegiant -- I'm sorry.

14   Mr. Swope doesn't cite to any rules or regulations that will --

15   that make Allegiant maintain those records.

16           Now, Allegiant has assured me that they have produced

17   everything that we've requested.  We actually sent the entire

18   motion to compel, the order, to Allegiant and said, "Produce

19   everything on this that you have not given us."  And they gave

20   us what they had and we produced accordingly.

21           As far as what was requested in that May 5 letter,

22   those were new requests sent after and asked for after the

23   motion to compel was granted, after production by defendants,

24   and as an effort in cooperation, as an exercise in good faith

25   in cooperation, we turned around and we produced what was

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1   requested.

 2          Most, if not all of those requests were related

 3   specifically to the engine, not the engine-driven generator

 4   which the Court compelled documents related to the

 5   engine-driven generator.  They are two separate and distinct

 6   parts.

 7          Now --

 8          THE COURT:  I will agree with you on that, Ms. Allen,

 9   but I think it's close enough that I think it was wise for

10   Allegiant to produce that information.

11          MS. ALLEN:  Absolutely, and which is why we turned

12   around and we produced those documents.

13          Now, instead of saying, "Thank you.  Let's discuss

14   this," Mr. Burnett turned around and filed an emergency motion

15   to compel even more documents.

16          Now, what we produced in accordance with his May 5

17   letter after production on April 22 for what was compelled, we

18   produced the report from Pacific Gas which also spoke about the

19   condition of the engine-driven generator.  We produced the

20   total time and cycles.  We answered whether it was a

21   quick-engine change.  That was no.  They asked for the time

22   control card of the engine-driven generator.  Allegiant has

23   assured me that the engine-driven generator is not

24   time-controlled, so there is no time-controlled card available.

25          Information regarding engine at the time of failure.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1   We produced the Timco (phonetic) work package regarding

2   maintenance and repair following the engine landing.  That's

3   all the information that they have regarding the engine at the

4   time of the failure.

5           And to make certain, the engine did not fail.  The

6   engine-driven generator, there was some electrical issue that

7   caused smoke to come out of the engine area, the engine-driven

8   generator.  It was not the engine that failed.  The engine had

9   to be shut off because of the issue of possible fire in that

10  area of the plane.

11          Records regarding removing of the engine, again,

12  that's the Timco work package, maintenance records for the

13  engine, those have been produced.  Preflight inspection

14  records, those were included on the maintenance records that

15  were produced.  Any other preflight inspection records

16  Allegiant has assured me they do not have and at this point, I

17  am at a loss for where to go from here because they don't have

18  those.

19          So I'm -- if it requires plaintiffs to come up to

20  Allegiant and rummage through their files, we can do that.  But

21  at this point in time, Allegiant -- we're not being evasive.

22  We're not trying to hide the ball.  We've tried to produce

23  everything.  We've attempted to give everything over that they

24  have requested.  There are just some things that we do not

25  have.  And that includes those preflight inspection records.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1   Those were produced.  What they had were produced and there's

 2   nothing more than that.

 3            Slide inspection reports, those were produced and the

 4   mechanical interruption summary does not exist?

 5            So in terms of what was produced and what was not

 6   produced in accordance with that May 5 request from plaintiffs,

 7   that is Allegiant's response.  We're at a loss for where to go

 8   from here and we ask for the Court's direction and guidance.

 9   Allegiant -- again, we're not being evasive and trying to hide

10   the ball.  The bottom line is, this motion to compel is really

11   a request from plaintiffs' counsel for a do-over.  Plaintiffs

12   sat idly by for nearly a year before coming up with any written

13   discovery, before coming forward with --

14            THE COURT:  Well, let me interrupt you there because

15   what I'm going to I think rule here, and you may be -- and you

16   may be seated, Ms. Allen.

17            I think with respect to the motion to compel, since

18   the defendants have claimed that with respect to the

19   outstanding discovery that is the subject of the motion to

20   compel does not exist, the Court will deny the motion to

21   compel.  And with respect to the sanctions, even though I find

22   that the disclosure on May 19 was a little late, I think

23   because of the vagueness and perhaps overbroad RFP and the

24   Court's adopting of it in its April 16 order, I don't find

25   there was any bad faith on the defendant's part and I don't

United States District Court

 find there was any bad faith on the plaintiffs' part as well and the Court will not order any sanctions. And that is with respect to plaintiffs' emergency motion to compel.

And I'm not going to rule yet on the request that is included there and to extend the discovery until we discuss the remaining motions.

And as I said, I'll also deny the motion to strike that was filed by defendants for the reason that the Court finds that there is nothing -- no facts asserted in those attachments that were of consequence to this Court's deciding the motion to compel.

Now, on to the second motion which is -- and it might make sense to address the last motion of plaintiffs' 30(b)(6) motion but we'll do that last.

MS. KNIPPA: Yes, Your Honor.

THE COURT: So the next motion is defendant's motion to compel or, in the alternative, motion to strike and I will tell you preliminarily what the Court has found and that is that the expert deadlines for plaintiffs were May 19 and defendant May 19 and the deadline for rebutted experts was June 2. Defendant's expert, Dr. Hendin, was disclosed on May 13. Plaintiffs' experts, Dr. Doerr and Mr. Swope, were disclosed on May 19. Defendants rebuttal expert, Ken Carpenter, was disclosed late, but on June 12; and on May 22, the defendants made a request to depose Dr. Doerr. On July 1, defendants

CV-12-01738-PHX-MHB, July 25, 2014

1    raised the issue of the depositions of plaintiffs' experts and

2    on July 8, plaintiffs agreed to make Hendin and Carpenter

3    available as long as Swope was also made available.

4           The Court finds that really both parties have been

5    deleterious with regard to the deposition of experts.   The

6    original case management order and the amended case management

7    order of Judge Logan made clear that after the expert

8    disclosure deadline, the parties would have time to complete

9    the depositions and that is a standard part of this Court's

10   order and I think most of the district judges here.   They have

11   a deadline for completing the depositions after the disclosure.

12   It makes sense.   Whether it makes sense under the rule, it just

13   makes abundant sense.

14          So I think what happened was the parties may not have

15   kept their eye on the ball with respect to the deposition of

16   Mr. Swope or with respect to the depositions of Dr. Hendin and

17   Mr. Carpenter.

18          So the Court is going to permit some time for the

19   parties to complete all of those depositions.   They are not

20   going to give the parties a lot of time.

21          So, typically, the parties are given 30 days to

22   complete those depositions and that is a standard order.   I

23   will admit, having some -- somewhat cynical about whether or

24   not four experts could be set for a deposition in 30 days but I

25   really don't want to give you much longer than that.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1      So my thought was I don't want to have to deal with

2   motions comings back saying the doctors are out of town for 30

3   days in Columbia or some faraway place, so I was thinking of

4   giving the parties 60 days to complete those depositions.  So

5   that -- and I don't expect them to get any motions for the

6   continuance of that deadline.

7      So I will then deny the motion to compel as moot by

8   this Court's order extending the deadline for the parties to

9   complete all expert depositions to 60 days from today's date.

10      I think that's all that needs to be addressed with

11   respect to that motion; is that correct?

12      MS. KNIPPA:  Yes, Your Honor.

13      MS. ALLEN:  Yes, Your Honor.

14      THE COURT:  Now, getting to the final motion that is

15   on for today and that is a recently filed motion by the

16   plaintiffs to compel defendant's designation of 30(b)(6)

17   witnesses and the deposition of defendant's experts.  We don't

18   have to deal with the deposition of defendant's experts, parts

19   of that, and I recognize the defendants have not had an

20   opportunity to respond.  But because the Court's inclination is

21   to not deny it, I'm going to discuss first why the Court comes

22   to that tentative conclusion and then if it does appear that

23   the Court has reversed its inclination, it certainly would give

24   defendants time to respond.

25      But here's the Court's analysis, Ms. Knippa.  The

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1    motion to compel the 30(b)(6) experts was filed on July 23,

2    2014.  Back on January 2, 2014, defendant filed their

3    documents, dockets 52, 53, and 54, their notice of deposition

4    of 30(b)(6) persons knowledgeable, and it pretty much tracks

5    the rule and that you're giving notice to the defendants that

6    you want -- that a deposition is going to be held and they need

7    to designate someone on these those three subjects.

8           And there is -- there's, obviously, a discussion back

9    and forth between the parties with respect to those 30(b)(6)

10   depositions.  Plaintiffs addressed those depositions in their

11   motion to compel filed on January 17, 2014.  That was denied on

12   January 14 because the parties, it appeared to the Court, were

13   working that out.

14          And then April 16, 2014, the Court ordered the

15   extension of the discovery deadlines to April 29, 2014.  It

16   seems to me that the filing now to motion to compel the

17   30(b)(6) motions is quite late because if the depositions were

18   noticed in January, there are many remedies available to the

19   parties when a party has not appeared or responded to that

20   notice.  And it seems to me that six months later, regardless

21   of what was going on between the parties in terms of

22   communication, it doesn't excuse the waiting of that language

23   after the discovery date has passed to file that notice.

24          There was certainly time before that to file either

25   sanctions or file a motion to compel the defendant to designate

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1   that person.  I understand completely why the plaintiffs were

 2   seeking that 30(b)(6) designation on those issues but it's just

 3   been too late.

 4         But I will hear you from, Ms. Knippa, in that

 5   respect.

 6         MS. KNIPPA:  Your Honor, thank you.  Yes, we did file

 7   notices in the several months preceding January 2.  We

 8   repeatedly asked for 30(b)(6) witnesses and were rebuffed or,

 9   actually, just put off.  And then, finally, we had a notice

10   done because there was an advancing discovery cutoff period.

11   We did file a motion to compel those 30(b)(6) depositions and

12   were advised by this Court that it was going to wait and see,

13   allow defendant to wait and see if the fact discovery would be

14   duplicative of 30(b)(6) discovery, which we disagreed with, but

15   we honored the Court's order and tried to conduct the fact

16   witness depositions, which took time, and endeavored to

17   schedule those and those kept getting moved.

18         It is of concern to me the -- I feel that it's --

19   this isn't a he said, she said kind of situation where the

20   Court has to just rely on what plaintiffs said or what

21   defendants said.  It's in the record.  There's documentary

22   evidence.  Plaintiffs' efforts to do, defendant's efforts

23   saying, "No."  It goes back and forth for months and months.

24   We had been admonished by the Court:  Don't come back to me;

25   work it out for yourself.  We have been trying to do that.

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1          In our view, the May 19 motion to compel, an

 2   emergency motion for extension of deadlines, is tied to the

 3   30(b)(6) issues.  I have filed this motion earlier this week

 4   because I realized that when counsel in her response, or it was

 5   her reply in support of her motion to strike, said that we

 6   hadn't even started requesting 30(b)(6)s until Mr. --

 7          THE COURT:  But you do agree in the emergency motion

 8   you filed you did not raise the 30(b)(6) issue.  Did you not

 9   ask for any relief with respect to the 30(b)(6) designations?

10          MS. KNIPPA:  Your Honor, we realized that -- I

11   realized that specifically wasn't specifically identified and

12   so I feel like that was encompassed within that request for

13   relief.  And then as I reviewed our filings again, I felt that

14   it was necessary to clarify that this included 30(b)(6)

15   motions, and I would be grateful to the Court if the Court

16   would relate it back to -- because we have been diligently

17   pursuing the 30(b)(6) issue.  I mean, we filed the proper

18   notices.  We tracked them under the rule.

19          THE COURT:  But it's not a notice you can compel them

20   to appear at a deposition.  You can compel them to designate

21   someone and then that person has to appear at the deposition.

22          MS. KNIPPA:  Yes, Your Honor.  That is correct.  We

23   were attempting to avoid what is now before the Court, an

24   endless spate of -- counsel is drawing my attention to page

25   seven of our emergency motion to compel.  Plaintiff requests --

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1          THE COURT:  I'm sorry?

2          MS. KNIPPA:  Counsel is drawing my attention to page

3   seven of our emergency motion to compel in which we say

4   plaintiffs request four months in which to compel the

5   outstanding discovery to take depositions of those involved

6   with the aircraft maintenance and 30(b)(6) depositions, provide

7   this information to his expert and give those experts

8   reasonable time in which to render their opinions.

9          THE COURT:  And could you refer me to where that is

10  again?  You spoke so quickly.

11         MS. KNIPPA:  I apologize.  It's page seven of

12  document 83.  That's plaintiffs' emergency motion to compel.

13         THE COURT:  All right.  Give me one moment to review

14  that section.

15         MS. KNIPPA:  I apologize, Your Honor.  I misspoke.

16         THE COURT:  All right.  Okay.  You may proceed.

17         MS. KNIPPA:  So, Your Honor, if you relate back the

18  more specifically expressed motion to compel, the 30(b)(6) is

19  back to the May 19 deposition dates and look at the track

20  record of plaintiffs in trying to obtain those 30(b)(6), we

21  were making a good-faith effort to work with defendant without

22  seeking the Court's intervention.  Once they did the document

23  dump on the day our expert disclosures were due, this was the

24  prime opportunity for us to find and say, "Look, this is what

25  we've been denied, we still don't have."  If you look in the

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1    attachments --

2            THE COURT:  But I have to say that the request to the

3    third party, they are quite separate and distinct from the

4    request for discovery because your fact witnesses, you have an

5    idea of what you want to ask them and the 30(b)(6) you are --

6    you have very specific areas that you're going to inquire about

7    and you actually list those areas in your 30(b)(6) notices, so

8    I'm not understanding why those could not have been prosecuted

9    more efficiently than they were because, as I said, they were

10   noticed on January 2 and May 19 you're asking the Court, in the

11   final paragraph of your motion, to provide relief with respect

12   to the 30(b)(6).  Well, that's five months later.

13           I'm just not understanding why action couldn't have

14   been taken to get those moving before that.

15           MS. KNIPPA:  Well, Your Honor, we did take action.

16   This Court denied the relief we were requesting as deeming it

17   moot because it thought that the defendant didn't oppose the

18   30(b)(6) request.  Well, subsequently the defendant advised us

19   that they did, in fact, oppose.

20           I'm sorry, Your Honor, am I not addressing your

21   question?

22           THE COURT:  Well, and the Court denied the motion on

23   January 17, 2014.  I guess it's just that gap between January

24   17 and May 19 that there could have been some action and May 19

25   was the deadline, was past the deadline for discovery to be

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

 1  completed.  That is the rub.

 2          MS. KNIPPA:  Well, April 29 was the deadline for

 3  discovery to be completed.  We were still receiving discovery

 4  that we were owed after April 29.

 5          When a party has been denied discovery and it's

 6  coming out past the deadline and there's no opportunity to seek

 7  a 30(b)(6) or ask this fact witness, these items were just

 8  produced after the discovery period.  Doesn't that reward a

 9  defendant who delays in complying with their discovery

10  obligations?

11          THE COURT:  Well, let me ask you this, Ms. Knippa.

12  Is the only need -- and I think you might have addressed it

13  when we were addressing the first motion.  Is the only need, in

14  your view, for these depositions is to find out if the

15  discovery that you believe that the defendants have and have

16  not been produced does, in fact, exist?

17          MS. KNIPPA:  No, Your Honor.  No, Your Honor.  That's

18  not all I need.  It's the three topics that we noted earlier

19  on -- not noted.  We specifically identified back in November

20  of 2015 with the production of these documents that were only

21  produced an May 19, it generated another list of 30(b)(6).  I

22  mean, as Your Honor is well aware, a 30(b)(6) deposition is

23  very different from a fact witness deposition.  It's binding.

24  It requires the whole knowledge of the corporation.  The

25  binding on the corporation and that 30(b)(6) tied deposition is

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1   what allows plaintiffs to seek sanctions if there's a

2   withholding of discovery or hold the corporation's feet to the

3   fire:  Do you, in fact, have maintenance practices?  What are

4   your maintenance practices with respect to the emergency

5   evacuation?

6          THE COURT:  So what is the excuse, then, for not

7   acting on the 30(b)(6) motions after May 19?

8          MS. KNIPPA:  We have requested the third-party

9   depositions.

10          THE COURT:  I mean, in terms of bringing it to the

11   Court's attention?

12          MS. KNIPPA:  Well, we do on the May 19.  I realize

13   it's not as in detail as it's Court would like but it is on

14   page seven of our emergency motion.

15          THE COURT:  Well, it says there, and I hate to mince

16   words, but it says "and likely 30(b)(6) depositions" and that

17   is, in your view, sufficient to draw the Court's attention to

18   the clear fact that plaintiffs are requesting relief with

19   respect to their denial of those designations?

20          MS. KNIPPA:  Well, Your Honor, I think the 30(b)(6)s

21   are encompassed in your request of the extension of a fact and

22   discovery deadline that 30(b)(6)s are going to be encompassed

23   within that extension.

24          I think that, in hindsight, would my preference, to

25   have been put it in greater detail to explain the efforts and

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1  point out to this Court.  I will say that the -- our requests

2  for the 30(b)(6)s are included in the reply in support of our

3  motion to compel in which we identified -- identify every time

4  we ask for 30(b)(6)s and were denied.

5          THE COURT:  I just don't remember it and that's why

6  when you filed the motion on July 23, I immediately wondered

7  why it was being filed so late, so I just -- the Court has

8  reviewed the other motions, wondered why it hadn't been raised

9  and didn't think that it had.

10         So you're saying, in your reply to the emergency

11 motion, there was discussion of it as well?

12         MS. KNIPPA:  Yes, Your Honor, and the deadline -- we

13 describe the little bulleted points on --

14         THE COURT:  I see it's mentioned in the rendition of

15 the communicating between the parties.

16         MS. KNIPPA:  That's the part 1A of plaintiffs' reply.

17 Obviously, the motion before the Court today goes into greater

18 detail.  This references the November 22 request for

19 depositions, 30(b)(6) depositions.  The -- item 18 references

20 30(b)(6) witnesses, 19 for 30(b)(6)s, 22, 23, 27.

21         MS. ALLEN:  Your Honor --

22         THE COURT:  All right, let me hear from -- let me put

23 it this way.

24         Ms. Allen, if you want to respond today and not file

25 a response, should the Court determine that or decide that the

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1  Court wants to have a response, I guess the question is do you

2  want to respond orally today?

3          MS. ALLEN:  Well, as the Court pointed out, we have

4  just recently received this motion so I haven't been able to

5  digest the motion fully but I would like to address some of the

6  points that plaintiff raised, if that's all right, unless you

7  would like it in a written reply or in response and then I can

8  do that as well.

9          THE COURT:  Well, and if it has to do with debating

10 what happened between the parties with respect to the

11 communication on the 30(b)(6), no, I would rather have briefing

12 on that.

13         MS. ALLEN:  Okay.

14         THE COURT:  It's just the only issue I think right

15 now that the Court would decide today without further briefing

16 is whether or not this motion is just too late.

17         MS. KNIPPA:  Did you wanted to speak to the Court?

18         Just a moment, Your Honor.

19      (Discussion off the record.)

20         MS. KNIPPA:  Your Honor, that's all we have.  Thank

21 you.

22         THE COURT:  All right.

23         And Ms. Allen, only on the issue of whether or not

24 the plaintiffs have been diligent in seeking this relief, do

25 you have anything to add?

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1          MS. ALLEN:  Your Honor, in respect to the 30(b)(6)

2     depositions and the motion that's been filed, the

3     communications that were presented, I can't respond to those at

4     this time.  It was a one-sided list of Mr. Burnett's

5     communications with myself, many of which are not in writing or

6     which I don't ever recall actually having.  That being said,

7     Judge Logan, when he denied plaintiffs' initial motion to

8     compel the 30(b)(6) depositions, he gave plaintiffs an

9     opportunity to ask those questions of the five Allegiant

10    Airlines employees and none of those questions were asked.

11         Now -- and our concern with the 30(b)(6) depositions

12    were if there they would be duplicative.  If they would waste

13    additional time and expense.  So our compromise was go ahead,

14    ask the questions of the Allegiant Airlines employees.  Well,

15    none of those questions were asked.  No questions pertaining to

16    slide maintenance, no questions pertaining to engine

17    maintenance.  Nothing of even a hint of those questions were

18    addressed.

19         And then it was silence regarding the 30(b)(6)

20    depositions until Ms. Knippa and Mr. Pierce associated on June

21    23 and, again, this is not unlike the motion to compel.  This

22    is plaintiffs' request for a redo, for a do-over because new

23    counsel has joined, has seen what was lacking in the initial

24    prosecution of this case and is now attempting to reopen

25    discovery.  The 30(b)(6) depositions are fact discovery

CV-12-01738-PHX-MHB, July 25, 2014

1   depositions.  Fact discovery closed on April 29.  Between

2   January and April 29 something could have been accomplished.

3   Something could have been done.

4          We were not notified, discussed, nothing came from

5   those -- no mention of other 30(b)(6) depositions came out

6   during that time period and even plaintiff was given the

7   opportunity to ask those questions of the Allegiant Airlines

8   employees and chose not to.  That was his choice to do so.  So

9   that's all we have.

10          THE COURT:  Okay.  Thank you.  Let me ask you, other

11   than asking the 30(b)(6) designees questions relating to what

12   records are kept that might be relate to your discovery, what

13   else do you anticipate -- what do you anticipate gaining from

14   these 30(b)(6) depositions?  After all, the question is, the

15   discovery has been focused on the maintenance records of the

16   emergency exit slides and exit procedures and the potential

17   failure of the engine or engine generator.  I'm just wondering

18   what you expect to gain from a 30(b)(6) deposition of a non --

19   someone who is not directly involved in the maintenance of

20   these items.

21          MS. KNIPPA:  First, Your Honor, just to addressed the

22   statement by opposing counsel, we did, in fact, ask questions

23   about the maintenance on the engine-driven generator and the

24   evacuation slides and we can provide page/line designations of

25   those fact depositions.  They were fruitless because the fact

1    witnesses they were pilots.  They were not maintenance

2    personnel.  It was pointless to ask those questions but we did

3    it because counsel was insisting.  We got, "No.  I don't know."

4    Looks of shock.  "Why would I do that?  I'm a pilot."

5              With respect to what we --

6              THE COURT:  Did you depose maintenance personnel?

7    Have you deposed maintenance personnel?

8              MS. KNIPPA:  No, Your Honor.  Your Honor, some of the

9    maintenance -- even as late as April 22, some of the persons

10   who worked for Allegiant, Allegiant states their name is

11   unknown and yet they no longer work for Allegiant.  I mean, and

12   then there are other items as of April 22 that still say we'll

13   supplement and no identification.

14             There's an incomplete record that we have with

15   respect to maintenance.  We just received on May 19 pages of

16   records relating to maintenance and the identities of those

17   that we called to depose and a 30(b)(6) deposition, as the

18   Court knows, is binding on the corporation.  You can get what

19   that organization itself knows about what its maintenance

20   practices are with respect to its engines or its evacuation

21   slides.

22             MS. ALLEN:  Your Honor, if I may, Curt Carpenter has

23   been disclosed as a rebuttal witness to Mr. Swope.  Curt

24   Carpenter is an Allegiant employee who can address the issues

25   of maintenance because Your Honor has extended the deposition

CV-12-01738-PHX-MHB, July 25, 2014

1    deadline of the experts and of Mr. Carpenter as a rebuttal

2    expert for 60 days.

3              Mr. Carpenter can address the maintenance issues --

4              THE COURT:  It seems to me if you designate him as

5    the person most knowledgeable with respect to plaintiff's

6    document 52, 53, and 54, then we would be done with this issue.

7              MS. ALLEN:  Yes, Your Honor.

8              THE COURT:  Are you saying that you would be prepared

9    to designate him as the person most knowledgeable with respect

10   to these three issues?

11             MS. ALLEN:  I would have to confer with

12   Mr. Carpenter.  It's my understanding that he is but I would

13   have to confirm with him just to ensure that is the case.

14             But going back to the --

15             THE COURT:  That would be wonderful.

16             MS. ALLEN:  Going back to the original issue, these

17   30(b)(6) depositions were requested one time and that was -- we

18   had said they are going to be duplicative.  You must ask

19   questions of the -- of Allegiant employees.  If you don't get

20   answers, let's talk about other depositions.  We heard nothing.

21   It was silence.

22             And, again, now that new counsel has associated, they

23   are coming in to clean up Mr. Burnett's mess.  And that's not a

24   reflection -- that's not a reflection -- it's not to be

25   derogatory --

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1    THE COURT:  It certainly sounds derogatory,

2  Ms. Allen.

3    MS. ALLEN:  Well, Your Honor, from the outset of this

4  case, it has been a battle back and forth.  And I'm not going

5  to --

6    THE COURT:  And I understand that.  I've seen that in

7  the pleadings.  I don't appreciate it in the courtroom and I

8  really don't appreciate it in the pleadings either but

9  certainly in the courtroom, let's avoid that if we can.

10    MS. ALLEN:  Certainly, Your Honor.

11    But with the association of new counsel coming in,

12  with the motions to compel being filed with motions for

13  sanctions, requests for extensions of time, a request for a

14  full month extension of time, it's just unnecessary.  And the

15  fact that counsel wants to come in and start over again, it

16  would be -- it would result in prejudice to Allegiant, severe

17  time and expense to our client as well as to this Court.

18    All right.  Well, I do think even though there was

19  communication going back and forth with respect to the 30(b)(6)

20  depositions, the Court finds that the request at this late

21  stage in the game, it's simply too late.  The Court is going to

22  deny the motion to compel.  In addition, it appears, and it may

23  be that this -- the plaintiffs' difficulty here is remedied by

24  the designation of Mr. Carpenter and so let's hope that he is

25  the person that -- sounds to me like he might be the person who

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1    would be best able to answer questions with respect to those

2    three areas.

3          MS. KNIPPA:  Your Honor, is the Court's ruling today

4    that defendant, regardless of whether Mr. Carpenter is the

5    correct 30(b)(6) witness to testify on the topics designated

6    identified in the January 2, that if he is the incorrect

7    person, that defendant will designate the correct person?

8          THE COURT:  No.  The Court's ruling is denying the

9    motion to compel as being untimely and I say that because

10   certainly the parties always have the recourse of filing a

11   motion for reconsideration if there is a basis under the rules

12   and law for the Court to reconsider its decision.  And it's

13   just merely to point out that if it does turn out to be the

14   proper 30(b)(6) designee, then you might want to wait and see

15   how that turns out.

16         MS. KNIPPA:  But absent his designation as a

17   designee, his answers won't be considered 30(b)(6) responses.

18         THE COURT:  I'm sorry?

19         MS. KNIPPA:  Your Honor, I'm sorry.  I probably am

20   misunderstanding.  I can tell counsel is looking at me like I'm

21   misunderstanding the Court so I'll have counsel explain it to

22   me later.  Thank you, Your Honor.

23         THE COURT:  You're welcome.

24         Now, this case is -- and I do think this case would

25   have moved along a little quicker if the case hadn't been

United States District Court

1    transferred, and part of that is this Court's getting up to

2    speed.  But I don't want too much time to lapse any further in

3    getting this matter to trial.

4              I'm going to schedule the deadline for -- do the

5    parties intend to plan -- to file any dispositive motions?

6    Seems that this is a pretty hotly disputed factual case but

7    I'll hear what you have to say about that.

8              Are the parties planning to file dispositive motions?

9              MS. ALLEN:  We may, Your Honor.  It's still undecided

10   at this point in time.  We would like to move forward with the

11   expert depositions of Mr. Swope prior to filing any dispositive

12   motions.

13             THE COURT:  All right.  Well, I'm going to schedule

14   the deadline for filing dispositive motions for September 2,

15   2014, and I know the expert depositions may not be completed by

16   then but it's pretty rare that the expert depositions are used

17   in dispositive motions.  It may be in this case because it

18   is -- it seems somewhat expert driven but, nonetheless, the

19   Court will schedule that deadline as September 2, 2014.

20             Any responses will be due October 2 and any reply

21   October 17.

22             The Court will set a final pretrial conference in

23   December at some later date and then I have targeted January 13

24   for trial.

25             So if you want to consult your calendars quickly, if

CV-12-01738-PHX-MHB, July 25, 2014

1   there's something that is -- someone is getting married or

2   something of that significance, then I'll consider another

3   date, but that's the date the Court is inclined to set for

4   trial.

5               How are the Texans going to do this year?

6               MR. PIERCE:  Probably not so good.

7               MS. ALLEN:  January 13 works for us, Your Honor.

8               THE COURT:  All right.

9               And Ms. Knippa?

10              MS. KNIPPA:  We're fine.  Fine, Your Honor.

11              THE COURT:  All right.  Well, let's set that, then,

12   for trial on January 13, 2015.

13              And, again, reminder.  If anything comes up, even if

14   something comes up in these depositions, the parties just have

15   to contacted my court.  We can -- if I'm here, we can usually

16   schedule a telephone conference to resolve issues as they come

17   up.

18              All right.

19              MS. KNIPPA:  Thank you, Your Honor.

20              MS. ALLEN:  Thank you, Your Honor.

21              THE COURT:  All right.  Thank you.

22         (Proceedings concluded at 2:54 p.m.)

23

24

25

United States District Court

CV-12-01738-PHX-MHB, July 25, 2014

1

2

3

4                    C E R T I F I C A T E

5

6          I, ELAINE M. CROPPER, court-approved transcriber,

7    certify that the foregoing is a correct transcript, to the

8    best of my skill and ability, from the official electronic

9    sound recording of the proceedings in the above-entitled

10   matter.

11

12          DATED at Phoenix, Arizona, this 5th, day of June,

13   2015.

14

15

16

17                                   s/Elaine M. Cropper

18                         _____

19                                   Elaine M. Cropper

20

21

22

23

24

25

                    United States District Court