# EXHIBIT A

Thomas A. Burnett, Esq. (#026509)
**Burnett Law Office, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, AZ 85204
(480) 347-9116
tom.burnett@burnettlawaz.com
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN DESCH, a married individual; | ACTION NO: |
| Plaintiff, | |
| v. | COMPLAINT |
| ALLEGIANT AIR, LLC, a Nevada Corporation; ANA VINDAS and JOHN DOE VINDAS, pilot; JEFFREY TUCKER and JANE DOE TUCKER, co-pilot; AAR CORPORATION, an Illinois Corporation; AMR CORPORATION, a Delaware Corporation; AMERICAN AIRLINES, INC., dba AA-MRO, AMERICAN AIRLINES MAINTENANCE SERVICES, a Delaware Corporation; JOHN and JANE DOE I-X; and ABC COMPANIES I-X; | (Tort, Non-Motor vehicle) |
| Defendants. | |

Plaintiff, John Desch, by and through undersigned counsel, for his complaint against the defendant named herein alleges as follows:

1.     Plaintiff, John Desch, was at all times relevant hereto a resident of Maricopa County, Arizona.

2.     To the best of Plaintiffs' knowledge, Defendant, Allegiant Air, LLC, a Nevada Corporation, (hereinafter "Allegiant") is a foreign corporation with its principal place of business in Nevada.

3.      To the best of Plaintiff's knowledge, Defendant, Allegiant, is legally authorized to conduct business, and is doing business, in the State of Arizona.

4.      To the best of Plaintiff's knowledge, Defendants, Ana Vindas and John Doe Vindas, are residents of Maricopa County, Arizona.

5.      At all times relevant hereto, the Defendant, Ana Vindas, was acting individually and on behalf of the marital community, if any, of Ana Vindas and John Doe Vindas, whose true name is unknown to the Plaintiff.

6.      To the best of Plaintiff's knowledge, Defendants, Jeffrey Tucker and Jane Doe Tucker, are residents of Maricopa County, Arizona.

7.      At all times relevant hereto, the Defendant, Jeffrey Tucker, was acting individually and on behalf of the marital community, if any, of Jeffrey Tucker and Jane Doe Tucker, whose true name is unknown to the Plaintiff.

8.      Defendant AAR Corporation, an Illinois Corporation (hereinafter "AAR") is a foreign corporation with its principal place of business in Illinois.

9.      Defendant, AMR Corporation, a Delaware Corporation (hereinafter "AMR"), is a foreign corporation with its principle place of business at DFW.

10.     Defendant, American Airlines, Inc., dba AA-MRO, American Airlines Maintenance Services, a Delaware Corporation (hereinafter "AA"), is a foreign corporation with its principle place of business at DFW.

11.     John and Jane Does I-X and ABC Companies are persons, organizations, entities, sole proprietorships, partnerships, limited liability companies and corporations whose conduct, true names and identities are unknown at this time. Plaintiffs request leave to amend this pleading when that information is discovered.

12.     Jurisdiction and venue are appropriate in this Court.  The amount in controversy exceeds the minimal jurisdictional limits of this Court.

13.     On July 25, 2010, Defendant, Allegiant, owned and/or operated an MD-83 Aircraft registration N880GA performing flight #645 (hereinafter "Aircraft") from Billings Montana to Mesa Arizona.

14.     On July 25, 2010, Plaintiff, John Desch, was at all times material hereto, a passenger aboard Defendant's MD-83 Aircraft, registration N880GA flight #645.

15.     On July 25, 2010, while enroute to Mesa, Arizona, the Aircraft reported a #2 engine fire at which point the pilot(s) dispensed fire bottles and shut down the #2 engine and ordered an emergency landing in Flagstaff, Arizona.

16.     Upon information and belief, after landing the aircraft, no fire existed in, on, or around the #2 engine and no immediate danger existed to those occupying the aircraft.  Notwithstanding this, Defendants Ana Vindas and Jeffrey Tucker, called for an emergency evacuation of the airplane.

17.     Upon information and belief, the emergency evacuation was conducted in a state of panic, with Defendants, Ana Vindas, Jeffrey Tucker, and flight attendants employed by Defendant, Allegiant, shouting orders to passengers.  In the fray, at least one of the emergency exits and slides was non-operational leading to additional confusion and panic.

18.     In the process of evacuating the aircraft, Plaintiff, John Desch, was frantically ordered by a flight attendant to jump and slide down the emergency slide.  John Desch obeyed the order but experienced no slide; instead, he landed in the middle of the slide and bounced off the slide and onto the concrete runway, landing awkwardly and sustaining serious and disabling injuries.

19.     Shortly after the incident, the Federal Aviation Administration conducted an investigation.  The FAA's investigation determined that there was an inflight component failure causing the #2 engine to erroneously indicate a fire.

-3-

20. Upon information and belief, there was no fire in engine #2.

21. Upon information and belief, once the aircraft was landed there was not an actual emergency, and the emergency landing and evacuation were not necessary.

### COUNT ONE
(Negligence: Allegiant, Ana Vindas, Jeffrey Tucker)

22. Plaintiff re-alleges all previous allegations as though specifically set forth herein.

23. Defendant, Allegiant owed its passengers a non-delegable duty, as a common carrier, to use reasonable care under the circumstances to ensure the safety of all passengers aboard its Aircraft, which duty was breached by Defendant and/or their employees, agents and/or others for whom defendant is and was at all times material legally responsible. This duty applied to all passengers during flight and upon entry and exit, including evacuation, of the Aircraft.

24. Defendants, Allegiant by and through its employees, agents, assigns and specifically Ana Vindas, Jeffrey Tucker, and its flight attendants, negligently began an emergency evacuation process which was unnecessary, caused undue panic and confusion, and was not properly supervised. Defendants' negligence was the actual and proximate cause of John Desch's accident and resulting injuries and damages.

25. Upon information and belief, Defendants, Ana Vindas and Jeffrey Tucker, knew or should have known that once the fire bottles were dispensed, the engine was shut off and the Aircraft had safely landed, that there was no longer an emergency situation requiring an emergency evacuation.

26. Upon information and belief, Defendants Ana Vindas and Jeffrey Tucker, were negligent in ordering an unnecessary emergency evacuation which was the actual and proximate cause of John Desch's accident and resulting injuries and damages.

27. Upon information and belief, Defendants Ana Vindas and Jeffrey Tucker, were employees and/or authorized agents of Defendant Allegiant.

-4-

28.     Upon information and belief, Defendants Ana Vindas and Jeffrey Tucker, were acting with the course and scope of their employment and/or agency with Defendant Allegiant,

29.     Defendant Allegiant is vicariously liable for the negligent, reckless and/or unlawful acts of its employees and/or authorized agents, including, but not limited to, Defendants Ana Vindas and Jeffrey Tucker,

## COUNT TWO

### (Negligence; Allegiant, AAR, AA)

30.     Plaintiff incorporates by reference all previous allegations as though specifically set forth herein.

31.     Defendant Allegiant, had a non-delegable duty to properly maintain and inspect its Aircraft to ensure the proper functioning of its components for the safety of its passengers, which duty was breached by Defendant and/or their employees, agents and/or others for whom defendant is and was at all times material legally responsible.

32.     Upon information and belief, Defendant, Allegiant, negligently failed to properly inspect and maintain the Aircraft's components for potential problems. A proper inspection would have revealed the malfunctioning component, reparation of which would have prevented the emergency landing and evacuation. Defendant's negligence was the proximate cause of John Desch's accident and resulting injuries and damages,

33.     Upon information and belief Defendant AAR provided maintenance services to the subject aircraft.

34.     Upon information and belief Defendant AAR, negligently failed to properly maintain the aircraft resulting in the component failure/malfunction which gave rise to the emergency landing.

35.     Defendant, AAR's negligence was the proximate cause of John Desch's accident and injuries.

-5-

36. In the alternative, upon information and belief, Defendant AMR Corporation owns Defendant, AA, who provided maintenance services to the subject aircraft.

37. Upon information and belief, Defendants AMR Corporation and AA, negligently failed to properly maintain the aircraft resulting in the component failure/malfunction which gave rise to the emergency landing.

38. Defendants, AMR's and AA's, negligence was the proximate cause of John Desch's accident and injuries.

39. The damages caused by the Defendants' negligence have caused damages to Plaintiff that are in excess of the minimum jurisdictional limits of this Court. Plaintiff requests leave of this court to prove these damages at the time of trial.

40. All the Defendants had a duty to the Plaintiff and breached that duty.

41. Injury was a foreseeable consequence of the Defendants' breach.

42. As a direct and proximate result of said negligence, Plaintiff has incurred expenses for necessary medical treatment.

43. As a direct a proximate result of the Defendant's negligence, Plaintiff has suffered, continues to suffer and has sustained, physical, emotional and financial losses.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

A. For a sum that is reasonable and just for Plaintiff's pain and suffering;

B. For general compensatory damages and property damages in a just and reasonable amount to compensate the Plaintiff for pain, suffering, emotional distress, and other emotional damages;

C. For the reasonable value of special damages incurred to date and those to be incurred in the future for reasonable and necessary medical care and attention;

D. For lost wages and out of pocket expenses incurred;

-6-

E.   For the value of Plaintiff's costs incurred herein;

F.   For court costs incurred herein; and

G.   For such other and further relief as the Court deems just and proper.

DATED this 27 day of July, 2012.

Burnett Law Office, PLC

By _____

Thomas A. Burnett, Esq.
Attorney for Plaintiff

-7-

# EXHIBIT B

DISK

RECEIVED

DEC 2 7 2013

GALLAGHER & KENNEDY

1  Thomas A. Burnett, Esq. (#026509)
   BURNETT LAW OFFICE, PLC
2  1744 South Val Vista Drive, Suite 208
3  Mesa, AZ 85204
   (480) 347-9116
4  tom.burnett@burnettlawaz.com
   Attorneys for Plaintiff
5

6

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9  JOHN DESCH, a married individual;        NO: 12-CV-02504-FJM
10                              Plaintiff,
   v.
11                                           **PLAINTIFF'S THIRD**
   ALLEGIANT AIR, LLC, a Nevada             **SUPPLEMENTAL RULE 26**
12 Corporation; JOHN and JANE DOE I-X;      **DISCLOSURE STATEMENT**
   and ABC COMPANIES I-X;
13                                           **(Supplements in Bold)**
                                Defendants.
14

15        Plaintiff, John Desch, by and through undersigned counsel submits this third

16 supplemental disclosure statement pursuant to Rule 26 of the *Federal Rules of Civil*
17
   *Procedure*. Pursuant to *Fed. R. Civ. P. 26(e)*, Plaintiff reserves his right to supplement
18
   the disclosures made herein as discovery and Plaintiff's investigation progress.
19

20 **(Supplements in Bold)**

21 I.    UNDERLINE WITNESSES
22
23        1.    John Desch
                c/o Burnett Law Office, PLC
24              1744 South Val Vista Drive, Suite 208
                Mesa, AZ 85204
25

26        It is anticipated that Mr. Desch will testify regarding the injuries he sustained as a
27
   result of the accident, his recollection of the accident, the events that took place on the
28

11.    Employee(s) of Allegiant Air, LLC involved in any investigation or evaluation of the incident giving rise to this suit.

12.    30(b)(6) Designee(s) of Allegiant Air, LLC.

13.    Employee(s) of the Federal Aviation Administration ("FAA") who were responsible for completing, drafting, finalizing, and/or signing FAA Incident Report# IWP192010021.

In the event the details of this incident become disputed in this litigation, the above referenced employee(s) of the FAA will testify consistent with the FAA Incident Report# IWP192010021 as well as their personal knowledge or gathered knowledge concerning the events leading up to the incident, the events post-incident, and the investigation into the incident.

14.    Plaintiff may also call any witness listed by Defendants or other Plaintiffs.

**15.    Nathaniel Odle, 808 West Spokane Falls Boulevard, Spokane, WA 99201, was a passenger on the subject flight and will testify as to any conversations he may have had with Defendant's agents, employees, or representatives, other passengers, investigating officers, and emergency personnel, regarding the events leading up to and preceding the incident.  He is also expected to testify consistent with matters contained in his affidavit**

II.    <u>LIABILITY</u>

Defendant, Allegiant owed its passengers, including Plaintiff, a non-delegable duty, as a common carrier, to use reasonable care under the circumstances to ensure the safety of all passengers aboard its Aircraft, which duty was breached by Defendant and/or their employees, agents and/or others for whom defendant is and was at all times material

-7-

# EXHIBIT C

**Affidavit of Nathaniel Odle**

**Passenger on Flight #645**

Nathaniel Odle, being first sworn upon his oath, deposes and states as follows:

1. I am over the age of 18 and if called upon to do so could testify competently about the facts set forth in this affidavit.

2. In July of 2010 I was a passenger on Allegiant flight #645 returning to Phoenix, Arizona from Billings, Montana.

3. I was seated in the emergency exit row on the left side of the plane facing forward and closest to the window (next to the emergency exit door) about halfway back in the plane. I was seated next to a young woman, probably in her 20s.

4. Approximately one and one half hours into the flight a female flight attendant came to our row and told us that the plane was having engine problems. She stated that she had never been on a flight with engine problems, but had heard that planes could land with one engine. This statement caused me concern. She then informed me that we were going to be making an emergency landing and I would need to assist passengers out of the plane.

5. When the plane made its landing one of the flight attendants shouted "evacuate" into the intercom and everyone immediately started scrambling to exit.

6. I released the emergency door lock, but was unable to open the door because the seats were positioned in a way that prevented the door from opening. This caused panic. After struggling with the door for some period of time I was able to finally remove the door and exit onto the wing.

7. From my perspective, the evacuation was a scary experience. I thought I was going to die. People all around me were frantic and in a panic trying to exit the plane. The fact that the emergency exit door next to me was partially blocked by the seats made it at first impossible to open and wasted precious time before it would open. This caused increased panic in the evacuation process.

I swear or affirm that the above and foregoing representations are true and correct to the best of my information, knowledge, and belief.

Dated this 4th day of December, 2013.

_____
Nathaniel Odle

1

SUBSCRIBED AND SWORN to before me on this 4th day of December, 2013, by

_Nathaniel Odle._

_Doris Strager_
Notary Public

My Commission Expires: 2-24-16